## UNITED STATES v. GREEN.
### No. 9077.

Circuit Court of Appeals, Ninth Circuit.
Oct. 30, 1939.

John B. Tansil, U. S. Atty., of Butte, Mont., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Keith L. Seegmiller, Atty., Dept. of Justice, of Washington, D. C., for the United States.

Busha &. Greenan, of Great Falls, Mont., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

Delbert Green brought suit against the United States upon a policy of War Risk Insurance, filing his complaint July 10, 1933. He alleged that he entered the United States Army on or about June 28, 1918, and served to and including January 31, 1919, on which date he was discharged; that between said dates he made application for and was issued a policy of War Risk Insurance in the sum of $10,000, premium payments for which were deducted from his monthly pay; that during the period for which said policy was in force he suffered injuries and contracted diseases which rendered him wholly unable to follow any substantially gainful occupation; that the disabilities were of such a nature as to render him thereafter permanently unable to follow any substantially gainful occupation; that he made application for payment of benefits under such policy June 25, 1931, which was denied by the bureau, notice of which was mailed January 5, 1933, and received by plaintiff January 12, 1933; and that said denial constituted a disagreement within the provisions of the World War Veterans' Act of 1924, 38 U.S.C.A. § 421 et seq. The defendant answered, maintaining that the insurance was issued July 5, 1918, and lapsed May 1, 1919, for non-payment of premium; that application for payment of benefits was dated July 1, 1931, and received by defendant on that date; that no "disagreement" existed; and that payment of benefits was barred by the provisions of Section 19 of the World War Veterans' Act of 1924, as amended.

Counsel for the respective parties entered into a stipulation, as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled action through their respective counsel, that the above-entitled cause may be tried before the court sitting without a jury, and the parties hereto, hereby specifically reserve the right to appeal from any decision rendered herein.

"Dated this 16th day of May, 1934."

Pursuant to this stipulation trial was had before the court sitting without a jury, and evidence was introduced by both parties with reference to the seasonable filing of the claim and the institution of the action and, as well, upon the merits of the case.

It appears in the evidence that the date of plaintiff's discharge from the army was January 31, 1919; that the policy lapsed May 1, 1919; that the application for benefits was dated and filed July 1, 1931 (although plaintiff's complaint alleged the date to be June 25, 1931); that denial of the demand for benefits was dated January 5, 1933; that the original complaint was filed January 13, 1933; and that the amended complaint was filed July 10, 1933.

The Act of Congress of July 3, 1930, 46 Stat. 991, 992, 38 U.S.C.A. § 445, amended Section 19 of the World War Veterans' Act of 1924 to extend the right, among other things, to bring suit upon a policy of yearly renewable term insurance to one year after date of approval of the amendatory act. This Act further provided: "This limitation is suspended for the period elapsing between the filing in the bureau of the claim sued upon and the denial of said claim by the director." 46 Stat. 993.

By waiting until July 1, 1931, to present his claim the plaintiff brought himself to within two days of the bar of the statute, which would leave him but two days after denial for filing an action. It was therefore necessary that plaintiff file his action by January 12, 1933, at the latest. The complaint was not filed until January 13, 1933, one day beyond the allotted time.

On January 2, 1936, the court below filed its memorandum decision dismissing the action upon the ground of lack of jurisdiction, the complaint not having been filed within time. Judgment pursuant thereto was duly entered January 8, 1936.

June 29, 1936, an act of Congress referring to the World War Veterans' Act and suspending the limitation period was approved (49 Stat. 2034, 38 U.S.C.A. § 445d), which read in part as follows: "* * * any suit which has been dismissed solely on the ground that the period for filing suit has elapsed but wherein the extension of the period for filing suit as prescribed herein would have permitted such suit to have been heard and determined may be reinstated within ninety days from the date of enactment of this Act [June 29, 1936]. * * *."

Thereafter, and pursuant thereto, the plaintiff moved to reinstate the case for decision on the merits, and the motion was granted over objection of defendant.

The lower court filed an opinion on the merits October 19, 1937; holding in favor of the plaintiff, the court adopted and filed findings of fact and conclusions of law and judgment based thereon. The defendant appeals. Two questions are presented on the record and briefs:

(1) "Whether defendant's waiver of a jury trial in 1934 was binding with reference to the issue of total permanent disability after the case was reinstated in 1936?

(2) "Whether there was any substantial evidence to support a finding that plaintiff became totally permanently disabled on or prior to May 1, 1919?"

I. In suits at common law, where the value in controversy exceeds the sum of twenty dollars, the right of trial by jury is preserved by the Seventh Amendment to the Constitution of the United States, U. S.C.A. But, since the Government can be sued only upon such terms as it prescribes, it is essential to the right in cases against the Government that the statute upon which suit is founded provide for a jury. See Longsdorf, Cyc.Fed.Proc., vol. 4, § 1375, 1377. In Hacker v. United States, 5 Cir., 16 F.2d 702, the court, after quoting and discussing the various statutes conferring jurisdiction on the District Courts of the United States under the World War Veterans' Act, concluded that the right of trial by jury was preserved therein. This right may be exercised or waived. Section 649, R.S., 28 U.S.C.A. § 773. Cf. Rule 38, Rules of Civil Procedure for District Courts of the United States, 28 U.S.C.A. following section 723c.

The stipulation waiving jury was clear in its terms and not limited to any particular phase of the case. Evidence on the merits was introduced by both parties. The original dismissal was solely upon the ground that the action was not commenced in time and that the court lacked jurisdiction. In its memorandum decision, filed at the time, the court below said: "* * * Notwithstanding the question of jurisdiction which the court reserved, counsel consented to try the case, which was done. Briefs were filed, but only on the question of jurisdiction. Counsel for plaintiff understood that a brief on that question only would first be presented, while government counsel understood that the merits of the case would be considered at the same time, to meet the situation in the event either the lower court or court of appeals should hold that plaintiff was in time when he commenced his action. As appears from the evidence a substantial issue of fact was raised. However, the merits of the cause can be decided later, in the event this court should be reversed and the case sent back for further action."

It is thus quite clear that the case, so far as submission was concerned (excepting possible briefing on the merits), was in a position at that time to have been decided on the merits if the court had concluded the complaint was seasonably filed. The parties so understood the submission.

The defendant's answer alleged that the action was barred by the provisions of Section 19, supra, but the bill of exceptions discloses that no motion to dismiss was made until after the close of the plaintiff's evidence. The motion was renewed, by reference, at the close of all the evidence. At this stage, upon the record, it would appear that the jurisdictional question was essentially one of fact and could not be decided on the pleadings. It seems, therefore, that after hearing of evidence on the question, the court could have decided in favor of either party in accordance with its view of the evidence. If the court had retained the case under submission, not ruling thereon, until after the passage of the relieving act, we are confident the motion to dismiss could not have been granted. It is unquestionably true that the court's decision to dismiss was proper, but it is equally unquestionable that the Act of June 29, 1936, was passed to relieve just such a situation as confronts us here.

The Act (49 Stat. 2034) uses the word "reinstated." It does not say plaintiff shall be permitted to file a *new complaint,* or shall be entitled to a *new trial.* To reinstate a case means simply to place again in the position enjoyed prior to dismissal. That, in this case, was the state of submission on the merits and on the motion to dismiss, the latter, of course, becoming moot.

The District Courts of the United States are courts of limited jurisdiction, and the presumption at every stage of a cause is that the cause is outside the jurisdiction of a court of the United States unless the contrary appears from the record. Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 337, 16 S.Ct. 307, 40 L.Ed. 444. The cause of action herein was created by statute, and the lower court's jurisdiction was derived therefrom. On the face of the complaint the court had jurisdiction. No motion to dismiss was made until after the close of plaintiff's case, and therefore, though it was the duty of the court below to dismiss upon becoming convinced of lack of jurisdiction, it is not to be censured for a matter not drawn specifically to its attention. It was only after hearing evidence on the point that the court could intelligently act upon the motion, but the motion did not come until after the close of the plaintiff's evidence, and the court was not then prepared to rule thereon. Under the circumstances it was necessary to take submission both on the motion and on the merits.

II. During the World War the plaintiff was severely wounded in action in France on or about October 13, 1918. His wounds healed slowly, discharging considerable quantities of pus. These wounds were the cause and foundation of his alleged condition of total permanent disability and were responsible, directly or indirectly for his spending, as stated by the court below, "four and two-fifths months in the hospital on ten different occasions from 1919 to 1932, * * *." We feel under no compulsion to minutely state the evidence taken at the trial; suffice it to say that our examination of the record convinces us that there was substantial evidence adduced, if believed, to support the findings of the court below. These findings fully support the judgment.

The judgment of the District Court is affirmed.