JOHN HANCOCK MUTUAL LIFE
INSURANCE COMPANY

v.

Virginia BEARDSLEE.

No. 11097.

United States Court of Appeals
Seventh Circuit.

Nov. 3, 1954.

Owen Rall, Richard V. Henry, Jr., Lewis E. Bulkeley, Jr., Eckert, Peterson & Lowry, Chicago, Ill., for plaintiff-appellant.

Irving D. Levin, Irving M. Greenfield, Chicago, Ill., for appellee.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SWAIM, Circuit Judge.

This action was started under 28 U.S. C.A. § 1335 by the plaintiff, John Hancock Mutual Life Insurance Company, a Massachusetts corporation, when, on October 8, 1952, it filed in the District Court for the Northern District of Illinois a bill of interpleader against the widow of Clarence Beardslee, Virginia Beardslee, a resident and citizen of Illinois, and against one Geraldine M. Farrell, a daughter of Clarence Beardslee, who was a resident and citizen of California. The plaintiff insurance company had, on November 26, 1943, issued to Clarence Beardslee an insurance policy by the terms of which the company agreed that upon due proof of Beardslee's death and the surrender of the policy it would pay $1,000 to the beneficiary. The beneficiary named in the policy at the time it was issued was Geraldine M. Trumbull, the daughter of the insured, whose name by a subsequent marriage became Geraldine M. Farrell. The beneficiary on this policy was changed back and forth several times between the daughter and the wife, but at the time of the death of the insured, on January 24, 1952, the beneficiary named in the policy was the wife, Virginia K. Beardslee.

The bill of interpleader recited that on the affidavit of the insured stating that the original policy had been lost, the company, on July 27, 1950, had issued a duplicate policy; that on January 24, 1952, the insured died; that on February 28, 1952, the company received at its home office a claim for the proceeds

of the policy from the defendant Virginia Beardslee; and that on March 18, 1952, the plaintiff received a letter from the defendant Geraldine M. Farrell in which, according to the bill of interpleader, the defendant Farrell claimed "an interest in and to the proceeds of said Policy No. M–827317." A copy of this letter was attached to the complaint as Plaintiff's Exhibit 3.

The bill of interpleader also stated that the defendant Virginia Beardslee, on September 5, 1952, had commenced an action in the Circuit Court of Cook County, Illinois, to recover the proceeds of the policy from the insurance company. The bill of interpleader recited that at the time of the death of the insured the amount which became due on the policy was $847; that the company was then, and at all times since the furnishing of the proof of death of the insured had been, ready, willing and able to pay to the person legally entitled to receive same, the amount due under said policy, but that the company was a mere stakeholder between the two defendants, was ignorant of the respective rights of the defendants and could not determine without hazard to itself which one of the defendants was legally entitled to receive the proceeds of the policy. The plaintiff therefore prayed that the defendants be ordered to interplead and to settle between themselves which defendant was entitled to the insurance money; that the court issue an order enjoining and restraining the defendants and each of them, until the further order of the court, from instituting or prosecuting any petition, suit or proceeding against the plaintiff in any state court or in any other federal court on account of the policy of insurance on the life of Clarence Beardslee; and that upon final hearing, the said defendants be perpetually enjoined and restrained from prosecuting any suit or proceeding against the plaintiff on account of said insurance policy.

The defendant Virginia Beardslee filed an answer to the bill of interpleader in which she alleged that the defendant Geraldine M. Farrell did not have and was not entitled to any interest in the policy of insurance or in the proceeds of the policy, and did not assert any legal right, title or interest in and to the insurance policy or the proceeds thereof; and, therefore, denied that there were two or more adverse claimants to the proceeds of the insurance policy and stated that she, the defendant Beardslee, was the only bona fide and legal claimant to said funds. In this answer the defendant Beardslee also denied that the plaintiff had at any time since the furnishing of proof of death of the insured been willing to pay the proceeds due upon the insurance policy, and also denied that the plaintiff was a mere stakeholder having no interest in the controversy and ignorant of the respective rights of the defendants. The answer further denied that there was any legal doubt by the plaintiff as to the right of this defendant to the said funds or as to the nullity of the claim of the defendant Geraldine M. Farrell. In her answer to the bill of interpleader the defendant Virginia Beardslee also cited the Illinois statutes authorizing the collection by the beneficiary of interest and attorney's fees in a suit by an insured against an insurance company, the attorney's fees to be collected as costs of the suit, where the company had vexatiously refused to pay the insurance without reasonable cause.

On November 10, 1953, Geraldine M. Farrell, having failed to appear and defend in this action, was, on motion of the defendant Virginia Beardslee, found and adjudged to be in default.

A few days later the defendant Beardslee moved for a judgment on the pleadings, demanding judgment for the principal amount of $847; attorney's fees in the amount of $211.75, to be charged and taxed against the plaintiff as costs pursuant to Chapter 73, Paragraph 767, Section 155, of the Illinois Revised Statutes, Ill. State Bar Ass'n Edition 1953; and judgment for interest in the sum of $74.-10, being interest on the principal sum from January 24, 1952, to and including October 24, 1953, at the rate of five per cent per annum. The motion also asked

that an order be entered quashing and dissolving the injunction which enjoined her from proceeding with her action on the insurance policy then pending in the Circuit Court of Cook County, Illinois.

Pursuant to this motion, an order was entered on December 7, 1953, finding that there was due to the defendant Beardslee the principal sum of $847 on the policy; that the defendant Beardslee was the sole beneficiary under said policy and was entitled to all of the benefits thereunder; that she had made due proof of her claim upon the forms provided by the insurance company; that the defendant Farrell had no right, title or interest to any of the benefits under the policy of insurance; that the refusal of the plaintiff to pay Virginia Beardslee the principal sum of $847 was vexatious and without reasonable cause and that, therefore, the defendant Beardslee was entitled to recover from the plaintiff the sum of $200 as reasonable attorney's fees as a part of the taxable costs in addition to all other costs; and that the said defendant was also entitled to interest on the principal amount due under the policy at the rate of five per cent per annum from January 25, 1952 to December 4, 1953, which amounted to $77.65.

■ If both defendants here were claimants to the proceeds of the policy the plaintiff's bill of interpleader was authorized by 28 U.S.C.A. § 1335. But the defendant Virginia Beardslee contends that the defendant Geraldine Farrell was not actually a claimant within the terms of that Act, and that the action of the insurance company in bringing the bill of interpleader and in delaying the payment to Virginia Beardslee on the policy was vexatious and unreasonable within the meaning of the Illinois statutes; and that, therefore, the defendant Virginia Beardslee was entitled to judgment for attorney's fees and interest on the amount due on the policy from the date of the death of the insured to the date of the judgment.

■ It is true that to justify a bill of interpleader the conflicting claims against the funds need not be such claims as can finally be proved in court. Hunter v. Federal Life Ins. Co., 8 Cir., 111 F.2d 551; Metropolitan Life Ins. Co. v. Segaritis, D.C., 20 F.Supp. 739. However, to justify an insurance company in bringing such an action the claims must be of more substance than the alleged claim of the defendant Geraldine Farrell on which the plaintiff here relied.

■ The insured here was the father of Mrs. Farrell and was making his home with her in California at the time of his death. It is also true that Mrs. Farrell had possession of the duplicate insurance policy; but the letter received from her which the plaintiff attached to its bill of interpleader, as an exhibit, thereby became a part of that pleading and, therefore, was subject to examination and consideration on a motion for a judgment on the pleadings. That letter, received by the plaintiff on March 17, 1952, did not indicate that Mrs. Farrell thought she had any legal right to collect any part of the proceeds on the policy on her father's life. The letter shows that she knew that the beneficiary named in the policy at the time the insured died was the wife, Mrs. Beardslee. Mrs. Farrell's letter states that she and her father talked about again changing the beneficiary because he and Mrs. Beardslee were then separated but that shortly after his arrival in California he became ill again and was taken to the hospital. The letter then states: "At this time we asked Mr. Donovan, Assistant Mgr. of this branch, if the beneficiary could be changed, and were advised that it could not be done." Then Mrs. Farrell says that, after the death of her father, her husband went to the branch office and found that the beneficiary could have been changed. Her letter indicates that the proceeds of the policy would have been just about "enough for medical, hospital and burial expenses." The letter states that another representative of the company had written to some one in Roseland, a suburb of Chicago, to try to arrange with her father's widow, Mrs. Beardslee, "to reimburse us for the expenses involved." The letter then says, "I have the policy

hoping that in some way you will be able to help us defray the expense of $690.50 for medical and burial expenses. * * * I believe that the purpose of the policy was for just such a condition." Mrs. Farrell's letter then said she was "sure that [if] Mr. Donovan had been honest as to the fact of the change of beneficiary. This letter wouldn't have had to be written."

At the time Mrs. Farrell wrote this letter she was in possession of the duplicate policy which clearly provided that the beneficiary of the policy might be changed. The only possible legal claim by Mrs. Farrell to any money from the plaintiff insurance company intimated in her letter was a possible tort action based on the alleged misinformation given to her by an employee of the insurance company as to the possibility of again changing the beneficiary on the policy. There is not the slightest suggestion that Mrs. Beardslee had anything to do with the alleged misinformation. Even if it were true, as Mrs. Farrell suggests, that the policy would have been changed to make her the beneficiary except for the alleged misinformation given her by plaintiff's employee, the fact remains that Mrs. Beardslee's name was still on the policy as beneficiary at the time of her husband's death and Mrs. Beardslee was, therefore, entitled to be paid the proceeds of the policy. Any possible tort action that Mrs. Farrell might have brought, based on the alleged misinformation given her by an employee of the plaintiff, could not have changed the contract embodied in the policy of insurance. Instead of amounting to a claim of right her letter could only be considered as a plea for help.

■■ Since Mrs. Farrell was not a claimant within the meaning of the Interpleader Act, the District Court properly found that the delay by the company in paying the proceeds of the policy to Mrs. Beardslee was vexatious and unreasonable, and that she was, therefore, entitled to recover reasonable attorney's fees as part of the costs of the action, and was also entitled to recover interest at five per cent per annum on the principal amount of $847.00 from March 12, 1952, the date the proofs of loss and the policy were delivered to the company.

■ Appellant claims that the District Court did not have jurisdiction to grant attorney's fees and interest. It is its contention that when jurisdiction is obtained solely because of the federal interpleader statute, the court is limited in the amount of its decision to the fund which was paid into court. Appellant relies principally on Hagan v. Central Avenue Dairy, Inc., 9 Cir., 180 F.2d 502, 503, 17 A.L.R.2d 735, from which it quotes:

"It would be a startling conclusion, we think, to give to Rule 13(g) and the Interpleader statute the effect of enlarging the jurisdiction of a court to create rights going beyond those to the fund which is the subject of the interpleader action. Such a construction would go far beyond the situation which called for the Interpleader statute in the first place."

This case is readily distinguished from the one at bar. In the Hagan case, one of the codefendants was served but made no appearance in the suit. When the other codefendant filed a cross-claim against him for damages resulting from the transaction which gave rise to the interpleader suit, the court refused the cross-claim because it did not have personal jurisdiction over the cross-defendant. In the case at bar, the additional claim is made against the plaintiff and there can be no question as to personal jurisdiction. The plaintiff has been able to answer the claim on its merits.

■ It is a familiar rule of equity that once a court has assumed jurisdiction it will grant full relief. It has been so held with regard to the federal interpleader statute. American Surety Co. v. Calcasieu Oil Co., D.C., 3 F.Supp. 939, 941.

■ The judgment of the District Court is affirmed, except that the date from which interest is to be calculated is March 12, 1952.