**Clare M. BRANDT, Plaintiff,**

v.

**BAY CITY SUPER MARKET, Springfield Fire & Marine Insurance Company et al., Defendants.**

**Civ. No. 7801.**

United States District Court
N. D. California, N. D.
April 27, 1960.

Burton & Hennessy, Yreka, Cal., Belli, Ashe & Gerry, San Francisco, Cal., and Hyman M. Greenstein, Honolulu, Hawaii, for plaintiff.

Fitzwilliam, Memering & McDonald, Sacramento, Cal., for defendant.

HALBERT, District Judge.

Plaintiff has instituted this action to recover damages for injuries allegedly suffered by her as a result of a fall in a grocery store operated by certain of the defendants in Crescent City, California. Jurisdiction is predicated upon diversity of citizenship with the requisite amount in controversy (Title 28 U.S.C. § 1332). Defendant, Springfield Fire & Marine Insurance Company, has made a

motion to dismiss the complaint as to it, on grounds which it is not necessary for the Court to consider at this time.

 A careful examination of the file in this case leads to the inescapable conclusion that the pleadings in the case are insufficient to invoke the jurisdiction of this Court. Since the threshold issue in every case in the federal courts is that of jurisdiction, this issue must be given the Court's initial attention. The issue of jurisdiction must be considered and resolved by the Court on its own motion, even though it has not been affirmatively raised by the parties (Mansfield, C. & L. M. Railway Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Warner v. Territory of Hawaii, 9 Cir., 206 F.2d 851). This Court is a court of limited jurisdiction, and has no jurisdiction beyond that conferred upon it by statute. It is presumed at every stage of a cause that the cause is outside the jurisdiction of this Court, unless the contrary is affirmatively made to appear by the record (Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444; United States v. Green, 9 Cir., 107 F.2d 19). A party seeking to invoke the jurisdiction of this Court must plead, and prove, the existence of facts sufficient to support that jurisdiction (Federal Rules of Civil Procedure, Rule 8(a), 28 U.S.C.A.; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Food Fair Stores v. Food Fair, 1 Cir., 177 F. 2d 177).

From plaintiff's complaint it appears that plaintiff is a citizen of the then Territory, now State, of Hawaii. In the complaint it is alleged "that the defendants and each of them are citizens of California and other states of the United States other than the Territory of Hawaii; that the amount in controversy exceeds Three Thousand Dollars ($3,000.-00) exclusive of interest and costs, and, therefore, jurisdiction exists by virtue of 28 U.S.C. § 1332." Subsequent allegations set forth a claim for more than $10,000, exclusive of interest and costs.

Certain of the defendants are corporations.

 In order to establish the jurisdiction of this Court under Title 28 U.S. C. § 1332, plaintiff *must allege* and prove facts to show that there is more than $10,000 in controversy, and that none of the defendants are citizens of the same state as plaintiff. Under the law now in effect, corporations are to be' treated as citizens both of the state in which they are incorporated, and of the state where they have their principal place of business, when the issue of diversity of citizenship is up for consideration.

 It is obvious from the use of the figure $3,000 that the drafter of plaintiff's complaint did not take account of the amendment of Title 28 U.S.C. § 1332, which was effective July 25, 1958. It is in that amendment that it was first provided that for the purpose of diversity of citizenship, corporations must be considered to be citizens of both the state by which they have been incorporated and the state where they have their principal place of business. Plaintiff has alleged that defendants are citizens of California and of other states of the United States other than Hawaii. There is nothing in the complaint from which it can be determined that the corporate defendants are not also citizens of the State of Hawaii under the terms of the law as amended in 1958.

 To invoke the jurisdiction of this Court, the complaint must distinctly set forth the citizenship of the defendants (Pasternack v. Dalo, D.C., 17 F.R.D. 420; and see: Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132). Under the existing law, this means that the complaint must set forth not only the state of incorporation of each corporate defendant, but also the state where such corporation has its principal place of business (see: Browne v. Hartford Fire Insurance Company, D.C., 168 F.Supp. 796; Washington-East Wash. Joint Authority v. Roberts & Schaefer Co., D.C., 180 F.Supp. 15; and Roseberry v. Fredell, D.C., 174 F.Supp. 937).

Plaintiff's complaint on file in this case does not set forth the required short and plain statement of the facts which show that this Court has jurisdiction of this case. It is presumed that the Court does not have jurisdiction (Lehigh Mining & Mfg. Co. v. Kelly, supra; United States v. Green, supra; and Durkey v. Arndt, D.C., 46 F.Supp. 256). It follows that the complaint must be dismissed (see: McNutt v. General Motors Acceptance Corp., supra; Walker v. Bank of America National Trust and Sav. Ass'n, 9 Cir., 268 F.2d 16; Food Fair Stores v. Food Fair, supra; Becker v. Angle, 10 Cir., 165 F.2d 140; McClanahan v. Galloway, D.C., 127 F. Supp. 929; and Sadler v. W. S. Dickey Clay Mfg. Co., D.C., 78 F.Supp. 616).

It is, therefore, ordered that plaintiff's complaint be, and it is, hereby dismissed.