James E. STENHOUSE, Plaintiff,

v.

G. F. JACOBSON, Anna B. Jacobson, Dolores Jacobson and Donna Joan Jacobson, a copartnership, doing business as Northwest Underwriters; Underwriting Members at Lloyd's, London, a corporation; Lloyd's, London, a corporation; C. E. Heath & Co., Ltd., a corporation, individually and as an Underwriter at Lloyd's London; Orion Insurance Company, Ltd.; Guardian Assurance Co., Ltd.; The Prudential Assurance Co., Ltd.; The United Scottish Insurance Co., Ltd.; Livestock Underwriting Agency, acting for Guardian Assurance Co., Ltd.; First Doe, Second Doe, Third Doe, Black and White Corporation, Green and Gold, a copartnership, Defendants.

Civ. No. 7958.

United States District Court
N. D. California, N. D.
April 20, 1961.

Desmond & Miller, Sacramento, Cal., for plaintiff.

Joseph P. Van Den Berg, Sacramento, Cal., for defendants G. F. Jacobson, Anna B. Jacobson, Dolores Jacobson and Donna Joan Jacobson, dba Northwest Underwriters.

HALBERT, District Judge.

Defendants have moved this Court to dismiss plaintiff's second amended complaint on the ground that an indispensable party, Robert Cheney, has not been joined. Plaintiff has filed a motion seeking permission to file an addition to the second amended complaint, so as to state a third cause of action against Robert Cheney.

This suit has been brought against certain insurers and their agents by reason of claims being made under the terms of a policy of insurance. Said policy was allegedly issued by said insurers and their agents to plaintiff, covering certain "Nutria Breeding Stock." In the first cause of action set forth in the second amended complaint (hereinafter referred to as the complaint), it is alleged *inter alia* that the nutria were killed or rendered valueless by an incident allegedly within the scope of the insurance, and that the insurance companies have refused to pay. A second cause of action is sought to be stated against certain agents for having allegedly issued the said policy, knowing that they were acting in excess of their authority. The aforementioned proposed third cause of action is sought to be stated against Cheney, on the ground that his name was inserted as an assured in the policy, allegedly by mistake. By this proposed third cause of action, plaintiff seeks to have it determined that Cheney has no right, title or interest in or to the proceeds of the policy.

It is alleged in the complaint that plaintiff is a *citizen* of the United States, and a *resident* of California; that defendants Jacobson are *residents* of Oregon; and that the named corporate defendants are corporations established by an Act of the British Parliament. There is no allegation in the complaint that defendant Underwriting Members at Lloyd's, London, or defendant Lloyd's, London, have their principal places of business in any specified place. The principal place of business of each of the other named corporations is alleged to be London, England. There are no positive allegations in the complaint concerning the citizenship of the fictitious parties defendant. It is alleged that proposed defendant Cheney is a *resident* of the State of Washington. It is alleged in the complaint that none of the named corporate defendants are citizens of California. It is also alleged in the complaint that the amount in controversy exceeds $10,000.

The jurisdiction of this Court is sought to be founded upon Title 28 U.S.C. § 1332 (diversity of citizenship). The complaint is jurisdictionally defective, since it does not contain any al-

**696**

legations as to the *citizenship* of plaintiff, but only his residence. Residence and citizenship are not the same thing (Mantin v. Broadcast Music, 9 Cir., 244 F.2d 204). Similarly, there is a failure to allege the *citizenship* of defendants Jacobson, or of proposed defendant Cheney. As has been noted, only the site of their respective residences has been alleged. Plaintiff has also failed to set forth affirmatively the citizenship of defendants Lloyd's, London, and Underwriting Members at Lloyd's, London. Plaintiff must set forth affirmatively not only the state by which these corporations have been incorporated, but also the state where each of them has its principal place of business (See Brandt v. Bay City Super Market, D.C., 182 F. Supp. 937; Pasternack v. Dalo, D.C., 17 F.R.D. 420; and Cameron v. Hodges, 127 U.S. 322, 8 S.Ct. 1154, 32 L.Ed. 132).

■ On the basis of the record now before it, the Court is of the view that the proposed defendant Cheney is an indispensable party to the action. It appears that he is a named assured in the policy upon which this action is based. It seems unreasonable to require the other defendants to defend an action in which plaintiff seeks to prove that he alone is entitled to recover upon the policy, when such an action will not be binding upon Cheney. Such a procedure would leave open the way for Cheney to bring a second action against the same defendants, in which he might establish that *he* alone was entitled to recover. If such should come to pass, the defendants might be required to pay twice on a single claim under the policy. This would create an unjust result which the Court cannot tolerate.

■ In State of Washington v. United States, 9 Cir., 87 F.2d 421, 427, four questions were posed as appropriate inquiries in resolving the issue of whether an absent interested party was an indispensable party. These questions are:

"1. Is the interest of the absent party distinct and severable?

"2. In the absence of such party, can the court render justice between the parties before it?

"3. Will the decree made, in the absence of such party, have no injurious effect upon the interest of such absent party?

"4. Will the final determination, in the absence of such party, be consistent with equity and good conscience?"

The established yardstick to be used in determining the status of an absent party is whether any of these questions must be answered in the negative. If any one of these yardstick questions must be answered in the negative, then the absent party is indispensable.

It is apparent that Cheney's interest, if any, is joint. Justice between the parties before the Court cannot be adequately rendered without adjudicating the question of what interest Cheney has. (plaintiff, of course, contends that Cheney has no interest in the proceeds of the policy). The final determination, if judgment is entered with Cheney absent, may quite conceivably lead to a double recovery. It therefore appears patent from the record now before the Court that Cheney is an indispensable party. His interest appearing to be adverse to that of plaintiff, this is a proper case for the joining of Cheney as a defendant, rather than as an involuntary plaintiff (See Federal Rules of Civil Procedure, Rule 19(a), 28 U.S.C.).

■ For the future guidance of the parties, it will be well to note here that if plaintiff desires to join fictitious parties in any further amended complaint, which he may decide to file, he must not only plead, *affirmatively*, but he must prove, *affirmatively*, the citizenship of such defendants (See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Food Fair Stores v. Food Fair, 1 Cir., 177 F.2d 177; and Brandt v. Bay City Super Market, supra). In the case of corporate defendants (actual and fictitious alike) both

the state of their incorporation and the state in which they have their principal place of business must be affirmatively plead and proved (See Title 28 U.S.C. § 1332(c)).

The indiscriminate inclusion of fictitious defendants can serve no purpose except to cloud the jurisdiction of this Court (See Grigg v. Southern Pacific Co., 9 Cir., 246 F.2d 613). As the guardian of its own jurisdiction, this Court will look beyond the pleadings, and require factual proof of the citizenship of any fictitious parties in a diversity of citizenship suit. This the Court is entitled to do of its own motion (See McNutt v. General Motors Acceptance Corp., supra).

It seems apparent that the complaint is defective solely because of inept drafting. Accordingly, plaintiff will be given leave to file a third amended complaint in accordance with this Memorandum and Order (Federal Rules of Civil Procedure, Rule 15(a)).

Since plaintiff's second amended complaint must be dismissed for the reasons above noted, his motion for leave to file a third cause of action as an addition to that complaint becomes moot. Plaintiff may state any claim that he may have against Cheney in his third amended complaint.

Defendants have raised the question of what should be done if plaintiff is unable to serve Cheney with process. It appears to the Court that this is plaintiff's problem. Since plaintiff does not appear to be worried by this problem, it ill behooves either the Court or the defendants to start worrying *for* him. Certainly the Court is not going to start doing it for him.

It is, therefore, ordered that plaintiff's second amended complaint be, and the same is, hereby dismissed, with leave, if plaintiff chooses, to file a further amended complaint not later than twenty days after plaintiff has received notice of the filing of this memorandum and order.