Leonard A. GAMAGE, Plaintiff,

v.

UNITED STATES of America and Does One through Twenty, inclusive, Defendants.

Civ. No. 8336.

United States District Court
N. D. California, N. D.

Sept. 4, 1962.

See also 217 F.Supp. 384.

Belli, Ashe & Gerry, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., for defendants.

MacBRIDE, District Judge.

Plaintiff brings this action against the United States of America and twenty fictitious defendants under the asserted authority of Title 28 U.S.C. § 1346(b). The United States has moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. F.R.Civ.Proc. Rule 12(b), (28 U.S.C.A.).

In Count I of his complaint plaintiff alleges injuries through the actions of unknown persons, (defendants Does One through Twenty), said persons being "employed" by the United States Air Force Base Hospital at Travis Air Force Base, California, and, at all times relevant "acting within the course and scope of said employment." Plaintiff, a commissioned officer in the United States Air Force, further alleges in Count I that he was "ordered" by his commanding officer at the base to report to Dr. Robert F. Jones at the base hospital for the purpose of an examination for an automobile operator's license; that Dr. Jones, Dr. James A. Peal, and Does One through Fifteen undertook to examine, treat and confine him in a tortious manner, and that the allegedly tortious acts were "properly falling outside the scope of official duties" of said defendants.

In Count II plaintiff claims that the allegedly tortious acts referred to in Count I were committed as a part of a conspiracy between his commanding officer, Lt. Col. George Williamson, Dr. Jones, Dr. Peal, and Doe One through Doe Twenty directed toward their own benefit and apparently to bring about plaintiff's retirement for medical disability. He identified the acts as "properly falling outside the scope of the official duties of said defendants."

Count III alleges an action in defamation resulting from a report delivered by Doe Sixteen through Doe Twenty to the Physical Evaluation Board of the Base.

The Government's motion to dismiss is first directed at the fictitious defendants. There is no provision in the

Federal Tort Claims Act [1] giving a United States District Court jurisdiction over individuals as defendants. There is no allegation in the complaint invoking any independent grounds for the jurisdiction of this Court over said defendants (such as diversity of citizenship), and, therefore, as to the twenty fictitious defendants the Government's motion will be granted. Benbow v. Wolf, 217 F.2d 203; Stenhouse v. Jacobson, D.C., 193 F.Supp. 694.

▮ The United States of America, as the sovereign government, is immune from legal action unless it has consented to be sued or waived its immunity from suit. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058. The Federal Tort Claims Act is such a waiver and the United States may be sued on claims arising thereunder pursuant to 28 U.S.C. § 1346(b), for the wrongful act or omission of any employee of the Government "acting within the scope of his office or employment." The latter phrase is defined further in 28 U.S.C. § 2671, in the case of members of the military forces of the United States, to mean "acting in [the] line of duty."

Although plaintiff is contradictory [2] in his allegations concerning the scope of employment of the actors herein, it will be assumed that such a defect could be cured by amendment and the complaint made to clearly state the jurisdictional requirements of Title 28 § 1346(b), namely, that the Government employees were acting within the scope of their office and employment.

Even if plaintiff could satisfy the jurisdictional requirements of the Federal Tort Claims Act regarding scope of employment, his complaint would still be deficient for the reason that it states neither a claim nor a happening which would be actionable under the same Act.

The defamation allegation of Count III and those allegations of Counts I and II sounding in assault, battery, false imprisonment, misrepresentation, deceit and interference with contract state no actionable claim inasmuch as these torts are specifically excluded from coverage under the Act. 28 U.S.C. § 2680(h).

▮ Although the complaint contains defects additional to the above, a discussion of them is not necessary for the reason that inasmuch as the entire complaint is grounded solely upon injuries sustained by plaintiff which were incident to his military service, the complaint is fatally defective. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152; United States v. Brown, 348 U.S. 110, 75 S.Ct. 141, 99 L.Ed. 139; Layne v. United States, 7 Cir., 295 F.2d 433; Callaway v. Garber, 9 Cir., 289 F.2d 171; Van Sickel v. United States, 9 Cir., 285 F.2d 87; Preferred Insurance Co. v. United States, 9 Cir., 222 F.2d 942.

▮ Plaintiff herein was a flying officer on active duty, and the medical examinations, studies and treatment by Air Force personnel at the Base hospital were ultimately concerned with his fitness as such. There is nothing in the complaint to suggest that the medical personnel and his commanding officer were acting other than under Air Force regulations. See, Air Force Reg. 160–10:2; 160–35:9b and 10; Air Force Manual 35–4, chaps. 2 and 3. Plaintiff was under orders and not on furlough as was the plaintiff in the case of Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200. Under the rule of the Feres case, supra, and the subsequent decisions, plaintiff's complaint fails to state a claim upon which relief might be

---

1. The Federal Tort Claims Act is now found in Title 28, United States Code Annotated, §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412 and 2671–2680.

2. See, e. g., Count I, paragraphs 7 and 13 and Count II, paragraph 4. There is no allegation as to whether Drs. Jones and Peal were acting within or without the scope of their employment or line of duty.

384

granted; defendants' motion must, therefore, be granted.

It is, therefore, ordered that plaintiff's complaint and the cause of action sought to be stated therein be, and the same is, hereby dismissed.