## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Maria Castagna

v.

Humana of Virginia

October 6, 1982

Case No. (Law) 5545

By JUDGE BERNARD G. BARROW

The defendant's plea to the statute of limitations was heard on July 16, 1982, after which time it was taken under advisement and plaintiff was given an opportunity to file additional authorities. This has been done, and the defendant relies on authorities presented at the hearing in this matter.

This is a proceeding seeking damages for personal injuries arising out of medical malpractice allegedly occurring on December 26, 1975. The motion for judgment was filed on December 22, 1977, four days before the two-year Statute of Limitations would have run. On January 15, 1982, the proceeding was struck from the court's docket and discontinued in accordance with the provisions of Virginia Code § 8.01-335(A), generally referred to as the two-year rule.

On July 16, 1982, after notice the plaintiff moved to have the proceeding reinstated in accordance with that same provision. Defendant's counsel advised that the defendant had no objection to the case being reinstated, and on that date the matter was reinstated. Immediately thereafter counsel for the defendant asserted that the matter was barred by the applicable statute of limitations in accordance with the plea filed on behalf of the defendant on May 21, 1982. Although this pleading asserts an objection also to the reinstatement of the matter, at the hearing counsel

for the defendant advised that there was no objection to the matter being reinstated.

Defendant's counsel refers to and relies on the language in *Payne* v. *Buena Vista Extract Co.*, 124 Va. 296, 311 (1919), where the Court said:

> Now the term "discontinuance" has a well-settled meaning in the law and has had from a very ancient time. "A discontinuance is in effect a nonsuit."

The parties agree that the new nonsuit provisions contained in § 8.01-335 of the Virginia Code do not apply, and the defendant asserts that since the discontinuance under the two-year rule is equivalent to a nonsuit, the matter is now barred by the Statute of Limitations.

However, the definition of "discontinuance" must now also be viewed in light of the definition of the word "reinstated" since the matter has now been reinstated without objection.

In *United States* v. *Green*, 107 F.2d 19, 22 (9th Cir. 1939), the Court of Appeals said that "To reinstate a case means simply to place again in the position enjoyed prior to dismissal." In that case the Statute of Limitations was held not to be a bar where a case had been "reinstated" in accordance with certain federal legislation.

Therefore, I am of the opinion that this case, having been reinstated, is placed again in the position it enjoyed prior to dismissal and the Statute of Limitations is not a bar.