**Malvina Y. COLLINS**

v.

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA; and College Retirement Equities Fund.**

Civ. A. No. 84–0044 P.

United States District Court,
D. Rhode Island.

June 19, 1984.

Norman L. Grant, Pawtucket, R.I., for plaintiff.

Deming Sherman, of Edwards & Angell, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

In this diversity case, the parties agree that in 1964 the plaintiff's former husband, Robert C. Collins, entered into annuity contracts with the defendants, Teachers Insurance and Annuity Association (TIAA) and College Retirement Equities Fund (CREF). The plaintiff does not deny that she and Robert Collins were divorced in 1973, as an exhibit submitted by the defendants suggests. In any case, Robert Collins died on June 8, 1983, and both TIAA and CREF are now liable to his beneficiary for certain proceeds. The plaintiff alleges that she is the true beneficiary of both contracts but that both TIAA and CREF have refused to pay her.

The defendants agree that the plaintiff is the beneficiary of record of both annuities. They say, however, that an adverse claim to the proceeds is asserted by one Constance Collins, who is said to be Robert Collins' widow and the representative of his estate. The defendants moved to add both Constance Collins and the Estate of Robert C. Collins as party defendants, arguing that both are necessary parties. The motion was granted by the Magistrate, and the plaintiff now asks the Court to vacate the Magistrate's order. The defendants say that

> [i]t is not clear whether Constance Collins, who is the personal representative of the Estate of the deceased, asserts her claim in her own right or as the personal representative and primary distributee of the Estate. The Estate of Robert C. Collins should be added as a party defendant because the annuities at issue were the personal property of the de-

ceased and if the beneficiary designation of record were disallowed, said proceeds would most be likely be payable to the estate.

Defendants' Memorandum filed March 12, 1984, at 2, n. *.

The plaintiff has not responded with any argument specifically addressed to this motion.

Fed.R.Civ.P. 19(a) sets out the definition of a "necessary party." The Rule provides in part:

A person ... shall be joined as a party in the action if ... his absence may ... leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [the] claimed interest.

Under the undisputed facts of this case, it is clear that both Constance Collins and the Estate of Robert C. Collins are necessary parties to the suit. Their potential interests in the proceeds of the annuities must be determined before the Court can do justice between the parties; otherwise, the defendants would run the risk of incurring double liability. *See Rainbow Trucking, Inc. v. Ennia Insurance Co.*, 500 F.Supp. 96, 98–99 (E.D.Pa.1980); *Stenhouse v. Jacobson*, 193 F.Supp. 694, 696 (N.D.Cal. 1961). Accordingly, the plaintiff's motion to vacate the Magistrate's order that Constance Collins and the Estate of Robert C. Collins be added as party defendants is denied. *See Stenhouse*, 193 F.Supp. at 696 (explaining that, where the interest of the party to be added appears to be adverse to that of the plaintiff, the "new" party should be added as a defendant rather than as an involuntary plaintiff).

 The plaintiff has also moved to dismiss the defendants' counterclaim for interpleader brought under Fed.R.Civ.P. 22(1) and 28 U.S.C. §§ 1335, 1397, and 2361. Wright and Miller have explained that

[i]nterpleader, whether statutory or under Rule 22 and whether asserted in a complaint or by way of a cross-claim or counterclaim, affords a party who fears that he will be exposed to the vexation of

defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding....

The primary test for determining the propriety of interpleading the adverse claimants and discharging the stakeholder (the so-called "first stage" of interpleader) is whether the stakeholder legitimately fears multiple vexation directed against a single fund.

7 *Federal Practice and Procedure* § 1704, at 367, 369 (1972).

The plaintiff apparently argues that in this case the defendants have not shown an adequate basis for any legitimate fear of "multiple vexation." The defendants point out that with their counterclaim for interpleader they submitted a copy of an August 10, 1983 letter from Constance Collins' attorney to TIAA and CREF stating that Constance Collins "does wish to pursue her claim" to the annuities benefits payable under the annuity contracts executed by Robert Collins. Citing *John Hancock Mutual Life Insurance Co. v. Beardslee*, 216 F.2d 457 (7th Cir.1954), *cert. denied*, 348 U.S. 964, 348 S.Ct. 964, 75 S.Ct. 523 (1955), the plaintiff argues that

[b]efore an insurance company may bring an interpleader action, the claims to the fund in its possession must be of more substance than a mere letter asserting an interest in the proceeds of a policy, when it is clear from the face of the policy that the sole beneficiary under that policy is a person other than the claimant.

Plaintiff's Memorandum, ¶ 5.

The Court has no quarrel with either this proposition of law or the *Beardslee* opinion, but the facts of this case are distinguishable from both. In *Beardslee*, the letter to the life insurer did not indicate that its author claimed any right to collect the proceeds of the insurance policy. 216 F.2d at 460–61. Here, as the Court has already noted, the letter from Constance Collins' attorney has asserted the existence of such a right quite unequivocally. The plaintiff's

reliance on *Beardslee*, therefore, is hardly persuasive.

The Court approves of the defendants' citation of *New York Life Insurance Co. v. Welch*, 297 F.2d 787, 790 (D.C.Cir.1961), which states:

> The interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability. *Metropolitan Life Ins. Co. v. Segaritis*, 20 F.Supp. 739 (E.D.Pa.1937). A stakeholder, acting in good faith, may maintain a suit in interpleader to avoid the vexation and expense of resisting adverse claims, even though he believes only one of them is meritorious. *Hunter v. Federal Life Ins. Co.*, 111 F.2d 551, 556 (8th Cir., 1940).

*See also Bankers Trust Co. v. Crawford*, 559 F.Supp. 1359, 1362 (W.D.N.Y.1983) (stating that the interpleader statute "is to be liberally construed to protect a stakeholder from the expense of defending more than one action"). In accordance with these principles, the plaintiff's motion to dismiss the counterclaim for interpleader is denied.

Finally, the plaintiff has also moved to vacate the Magistrate's granting of the defendants' motion to deposit into the registry of this Court the current value of the proceeds payable under the annuities at issue. This deposit is a condition on jurisdiction under the interpleader statute. 28 U.S.C. § 1335(a)(2). *See* Wright & Miller, *Federal Practice and Procedure* § 1716. Because the Court finds maintenance of the counterclaim for interpleader to be proper, as explained above, this motion to vacate is also denied.