999 F.2d 544
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee,
v.
Danasiri RATNAWEERA, Defendant-Appellant,
v.
Sandra ARIYARATNE; Sanji Ariyaratne,
Defendants/Cross-claimants/Appellees,
Grayson, Maxwell & Sugarman; Sandra Sugarman,
Cross-defendants-Appellee.
 No. 92-55041.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1993.*
Decided July 21, 1993.
As Amended on Denial of Rehearing and Rehearing
En Banc Sept. 24, 1993.
 
 1
 Before: WOOD**, REINHARDT and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 Danasiri Ratnaweera appeals various orders of the district court in an interpleader action under 28 U.S.C. § 1335 regarding a dispute over the proceeds of a life insurance policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Ratnaweera argues that the district court lacked jurisdiction over the interpleader action because at the time the action was filed, there were not "[t]wo or more adverse claimants ... claiming or [who] may claim to be entitled," 28 U.S.C. § 1335(a)(1), to the proceeds of the life insurance policy of Kiththan Ariyaratne. Ratnaweera contends that he was the only claimant because he is the listed beneficiary on Ariyaratne's policy.
 
 
 5
 This argument fails because the claims presented by Sandra and Sanji Ariyaratne, as well as the potential claim which Prudential anticipated from Indira Wickramasekera, raised substantial issues of entitlement to the insurance proceeds based upon the possibility of undue influence on Kiththan Ariyaratne's September 20, 1988 change of beneficiary designation. See In re Ricks' Estate, 117 P. 539, 544 (Cal.1911) ("Undue influence consists in the exercise of acts or conduct in which the mind of the [actor] is subjugated to the will of the person operating on it ...").[1] Interpleader jurisdiction extends to potential as well as actual claims. Dakota Livestock Co. v. Keim, 552 F.2d 1302, 1308 (8th Cir.1977). "In an interpleader action, the jurisdiction of the district court is not dependent on the merits of the claims of the defendants." John Hancock Mut. Life Ins. Co. v. Kraft, 200 F.2d 952, 954 (2d Cir.1953). Thus, the district court properly asserted jurisdiction over this action. John Hancock Mut. Life Ins. Co. v. Beardslee, 216 F.2d 457 (7th Cir.1954), cert. denied, 348 U.S. 964 (1955), on which Ratnaweera relies, is not to the contrary because the alleged adverse claimant in that case had no potential claim to the proceeds of the insurance policy in question. Id. at 461.
 
 II
 
 6
 Ratnaweera failed to oppose Prudential Life Insurance Company of America's motions for judgment of interpleader and for summary judgment on Ratnaweera's cross-cross-complaint. He also failed to oppose the motions of Grayson, Maxwell & Sugarman; Sandra Sugarman; Sandra Ariyaratne; and Sanji Ariyaratne for judgment on the pleadings on the cross-cross-complaint. The district court properly granted these motions pursuant to Local Rule 7.9 ("Papers not timely filed ... may be deemed by the Court consent to the granting or denial of the motion, as the case may be."). Ratnaweera does not argue that Local Rule 7.9 was improperly applied. Nor may he now argue on other grounds that the district court improperly decided these motions. See Bolker v. CIR, 760 F.2d 1039, 1042 (9th Cir.1985) ("As a general rule, we will not consider an issue raised for the first time on appeal.").
 
 III
 
 7
 Ratnaweera contends that the district court erred in denying his motions for summary judgment on his cross-cross-complaint on the ground that the parties had not had the opportunity to complete discovery. We disagree. The district court properly denied the motions under Fed.R.Civ.P. 56(f), "which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986).
 
 IV
 
 8
 Ratnaweera does not appear to argue that the district court erred in granting the motion of Sandra and Sanji Ariyaratne to strike Ratnaweera's pleadings and in entering default judgment on the Ariyaratnes' cross-complaint. In any event, in view of Ratnaweera's repeated and flagrant disregard of the district court's discovery orders and the fact that the district court gave Ratnaweera 30 days to comply with outstanding discovery before striking his pleadings, these sanctions were not an abuse of discretion. See Fed.R.Civ.P. 37(b)(2)(C) (striking of pleadings and judgment by default are permissible discovery sanctions); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.1987) (setting out factors relevant to determining appropriateness of sanction of dismissal), cert. denied, 488 U.S. 819 (1988).
 
 V
 
 9
 Prudential's request for attorneys' fees on appeal is denied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge, Seventh Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court applies the law of the forum state in interpleader actions. Davis v. Aetna Life Ins. Co., 279 F.2d 304, 307 (9th Cir.1960) (rule interpleader); American Re-Insurance Co. v. Insurance Comm'n of Cal., 527 F.Supp. 444, 450 (C.D.Cal.1981) (28 U.S.C. § 1335 interpleader)