**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARIA ANGELIQUE FISTER, Special
Administrator of the Estate of Mary
Gaye Fister; ANNA P. BUSSARD;
A. P. BUSSARD REVOCABLE TRUST;
DOROTHY M. WINSLOW,
Plaintiffs-Appellants,

v.

ALLSTATE LIFE INSURANCE COMPANY,
Defendant-Appellee,

No. 97-2776

and

LAWRENCE H. GOLDMAN;
WILLIAM TAD COLE,
Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA MJG-97-174)

Argued: October 27, 1998

Decided: December 18, 1998

Before NIEMEYER and MICHAEL, Circuit Judges, and
G. ROSS ANDERSON, JR., United States District Judge for the
District of South Carolina, sitting by designation.

_____

Reversed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jeffrey Louis Forman, KAUFFMAN & FORMAN, P.A., Towson, Maryland, for Appellants. Bryan David Bolton, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellee. **ON BRIEF:** Bruce E. Kauffman, KAUFFMAN & FORMAN, P.A., Towson, Maryland; John Stephen Simms, Vincent J. Columbia, Jr., GREBER & SIMMS, Baltimore, Maryland, for Appellants. Michael R. McCann, FUNK & BOLTON, P.A., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maria Angelique Fister, as the personal representative of the estate of Mary Gaye Fister, appeals the district court's denial of her motion to remand the case to state court and the district court's granting of summary judgment to Allstate Life Insurance Company (Allstate). For the reasons stated below, we reverse and remand for further proceedings consistent with this opinion.

I.

Between November of 1994 and May of 1995, Allstate issued five life insurance policies to Mary Gaye Fister.[1] The total face value of these policies was $1,650,000.

_____

[1] The five insurance policies are as follows:

| Policy No. | Face Amount | Beneficiary |
| --- | --- | --- |
| 792-832-862 | $1,000,000 | Estate of Mary Gaye Fister |
| 798-950-866 | $ 150,000 | A.P. Bussard Revocable Trust |
| 792-832-879 | $ 200,000 | Anna P. Bussard |
| 792-832-887 | $ 100,000 | Dorothy M. Winslow |
| 792-890-072 | $ 200,000 | Estate of Mary Gaye Fister* |

*Appellants' complaint states that "[t]he beneficiaries on this policy are thought to be Lawrence Goldman and William Tad Cole."

2

Each policy carried the standard Maryland suicide clause,[2] which provided:

> Suicide -- If the insured dies by suicide while sane or insane within two years from the start date of the contract:
>
> 1. We will only pay a refund of the payments made; and
>
> 2. The contract will stop.

Fister died within the two year contestability period of all the life insurance policies.

There is no doubt from the record that Mary Gaye Fister wished to end her life. There is also no doubt from the record that Fister's close friend and employee, Lawrence H. Goldman (Goldman), shot and killed Fister upon her request, when her suicide attempt failed. Goldman pled guilty to voluntary manslaughter and received five years imprisonment.

Maria Angelique Fister, daughter and personal representative of Mary Gaye Fister, brought suit in the Maryland State Circuit Court to recover the proceeds of the Allstate life insurance policies. Also named as Plaintiffs were Dorothy M. Winslow, Anna Bussard, and the A.P. Bussard Revocable Trust, all residents of Maryland. In addition to Allstate, a resident of Illinois, the plaintiffs named as defendants Lawrence H. Goldman, a resident of Maryland, and William Tad Cole, a resident of Virginia, because they were listed as beneficiaries on one of the life insurance contracts.

Allstate removed the case to federal court on January 21, 1997, alleging diversity of citizenship under 28 U.S.C.§ 1332. Allstate claimed that Goldman was fraudulently joined as a defendant to pre-

---

[2] By statute, the Maryland Legislature has restricted limitations of liability in life insurance policies to only five narrowly drawn instances, one of which is "death that occurs within 2 years after the date of issue of the policy as a result of suicide while sane or insane." See MD. CODE ANN., Life Insurance and Annuities§ 16-215 (1997).

vent removal to federal court. The district court denied the plaintiffs' motion for remand in its March 10, 1997 Order.

Subsequently, Allstate moved for summary judgment and the plaintiffs moved for partial summary judgment. On November 10, 1997, the district court granted Allstate's motion for summary judgment and denied plaintiffs motion for partial summary judgment.

On December 5, 1997, the district court entered a Corrected Judgment concerning the premium refunds that Allstate should make. Plaintiffs timely filed a notice of appeal pursuant to 28 U.S.C. § 1291.

II.

A.

It is well settled that an appellate court must make an independent review of the question of federal jurisdiction and must remand a case back to state court if it finds that complete diversity was not present in a case which has been removed to the Federal District Court. Mansfield, Coldwater & Lake Michigan Ry & Another v. Swan, 111 U.S. 379 (1884).

B.

Appellants argue that the trial judge erred in dismissing Lawrence H. Goldman, a resident of Maryland, as a defendant in this action because he was fraudulently joined.[3] We agree.

In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either:

> [T]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or

_____

[3] The district court also dismissed defendant William Tad Cole, a resident of Virginia. For purposes of federal diversity jurisdiction, Cole's dismissal is irrelevant to our analysis.

4

> [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original)). Furthermore, the burden on the defendant is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. Id. at 232-33 (citations omitted). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. Id. at 233 (citing 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353-54 (1985)).

Allstate has not alleged fraud in Plaintiffs' pleadings; therefore, it must show that there is no possibility of a cause of action against Goldman. After a review of Maryland law, we are convinced that Goldman is a necessary party to this lawsuit.

Maryland Rule 2-211, Required Joinder of Parties, states, in pertinent part:

> Rule 2-211. REQUIRED JOINDER OF PARTIES
>
> (a) Persons to be Joined. -- Except as otherwise provided by law, a person who is subject to service of process shall be joined as a party in the action if in the person's absence
>
> (1) complete relief cannot be accorded among those already parties, or
>
> (2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the person's claimed interest.

MD. CODE ANN., Civil Procedure § 2-211 (1995).

As the Maryland Court of Appeals noted, "The requirement that necessary parties be joined exists to assure that a person's rights are not adjudicated unless that person has his or her day in court, and to assure a determination of an entire controversy in a single proceeding without a multiplicity of litigation." See Fairbanks v. McCarter, 622 A.2d 121, 124 (Md. 1993); see also Caretti, Inc. v. Colonnade Ltd. Partnership, 655 A.2d 64, 69 (Md. Ct. Spec. App. 1995) ("Rule 2-211 . . . provides for the compulsory joinder of necessary parties so that the case can proceed efficiently with respect to all persons having a cognizable interest in the matter and, at the end, the court can grant complete relief.").

Goldman is a proper party to this action because he, as a beneficiary, has an interest in Allstate Policy No. 792-890-072. The Maryland courts have addressed the question of what constitutes an interest in the subject matter of the litigation and arrive at the same conclusion. In Mahan v. Mahan, the Maryland Court of Appeals clearly stated that "[w]here the purpose of the suit is the disposition of a fund, a trust, or an estate to which there are several claimants, all of the claimants are generally indispensable . . . ." Mahan v. Mahan, 577 A.2d 70, 75 (Md. Ct. App. 1990) (citations omitted) (emphasis added). Although Mahan concerned the distribution of proceeds held in trust, its general principles are equally applicable to the present case.

Allstate argues that Goldman was not a necessary party because the Appellants possess no chance of recovery against him. Allstate claims that because there is no privity of contract between Goldman and Fister's estate, Fister's estate may not bring an action to recover the insurance proceeds against Goldman. The Maryland Court of Appeals has observed that "all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit." Newark Trust Co. v. Talbot Bank of Easton, 141 A.2d 516, 519 (Md. Ct. App. 1958) (citations omitted). Therefore, we find this contention is without merit.

Allstate also argues that Goldman is not a necessary party because Maryland's Slayer's Rule prohibits Goldman from receiving his share

6

of the life insurance proceeds.**4** The Slayer's Rule provides that "a person who kills another may not share in the distribution of the decedent's estate, either as an heir or as a beneficiary under a will, and may not, as a beneficiary, collect the proceeds under an insurance policy on the decedent's life `when the homicide is felonious and intentional.'" Eagan v. Calhoun, 698 A.2d 1097, 1104 (Md. 1997). While Goldman did eventually plead guilty to intentional manslaughter, at the time the Appellants filed suit against Allstate, no determination had been made that Goldman had indeed killed Fister. Furthermore, Allstate could not unilaterally decide not to pay the proceeds to Goldman as a named beneficiary.

As a life insurance beneficiary of one of Fister's policies, Goldman has an interest in the proceeds of that policy. The respective rights of the parties to this lawsuit cannot be determined without a judicial determination of the adverse interests of Fister's estate and Goldman as beneficiary. Given the goals of Rule 2-211 of preventing a multiplicity of litigation and of ensuring that no one will have their rights adjudicated without the benefit of their day in court, Appellants were correct in naming Goldman a party to this suit. Other courts faced with this similar issued have arrived at the same conclusion. See Stenhouse v. Jacobson, 193 F. Supp. 694 (N.D. Col. 1961) (holding that a named insured was a necessary party to a lawsuit that sought to declare that the named insured had no interest in the policy). See generally Collins v. Teachers Ins. and Annuity Assoc. of America, 587 F. Supp. 403 (R.I. 1984); Braden v. Republic-Vanguard Life Ins. Co., 535 S.W.2d 79 (Ky. 1975).

We, therefore, hold that the district judge erred in failing to remand this case to state court. Because Goldman, a necessary party, is a citizen of Maryland, as are the Appellants in this case, no diversity of jurisdiction exists under 28 U.S.C. § 1332. Accordingly, we reverse the order of the district court with instructions to remand this case to state court.

_____

**4** At the district court level, Allstate also argued that William Tad Cole, a Virginia resident, was fraudulently joined because he, too, was prohibited by the Slayer's Rule from receiving his share of Fister's life insurance proceeds. Clearly, the Slayer's Rule does not apply to Cole. The record is devoid of any suggestion that he played a part in Fister's death.

7

III.

Appellants next argue that the trial judge erred in granting summary judgment to Allstate because Lawrence Goldman's shooting of Fister did not constitute a suicide within the meaning of the life insurance contracts. Because we hold that the United States District Court was without jurisdiction to decide this case, we need not address the correctness of the district judge's order.

IV.

For the foregoing reasons, the order of the district court is reversed and remanded with instructions to remand this case for lack of subject matter jurisdiction.

REVERSED AND REMANDED

8