## Case No. 5,561.

### GOODYEAR v. BOURN et al.

[3 Blatchf. 266.][1]

Circuit Court, S. D. New York. May 4, 1855.

PATENTS—BILL FOR INJUNCTION—PLEADING—AMENDMENT.

1. A., a patentee, filed a bill against B. for infringement of his patent, and prayed an injunction, which was granted. A. afterwards moved for leave to amend his bill by adding C. as a plaintiff, and by averring that, under an agreement between A. and C., still in force, C. was the owner of the exclusive right, under the patent, to make and sell the articles as to which B. had infringed, and that B. had notice of the agreement before he infringed: *Held*, that the amendments could not be allowed, and that they would amount, in effect, to the institution of a new and materially different suit, both as to plaintiffs and rights of action.

[Cited in Land Co. of New Mexico v. Elkins, 20 Fed. 546.]

2. It appearing, by the answer, supported by affidavits, that the articles made by B. were made under license from A.; *held*, that the injunction must be dissolved.

This was a bill in equity, filed by the plaintiff [Charles Goodyear] against George O. Bourn and William W. Brown, of Providence, Rhode Island, and John Griswold and two others, of New York. The bill was founded on letters patent [No. 3,633] granted to the plaintiff June 15th, 1844, and reissued to him December 25th 1849 [No. 156], commonly known as the "vulcanizing patent," for vulcanizing India rubber. The bill

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

averred that Bourn and Brown, since the reissue, had made and sold India rubber shoes, vulcanized according to the patent, without license, and had then recently packed up in boxes 28,000 pairs of such shoes, and employed the other three defendants to ship them to Europe, to be sold there; that the shoes were then in New York, under the control of the other three defendants, and about to be sent 'to Europe for sale; that the licensees of the plaintiff were in the habit of sending large quantities of vulcanized India rubber shoes to Europe for sale, and of paying the plaintiff a tariff on them; that the sale of the shoes in question would injure the plaintiff and his licensees; and that Bourn and Brown were unable to respond in damages. The bill prayed for an injunction to restrain the defendants from making, using, or selling any articles in violation of the patent, and from sending to Europe or elsewhere, any shoes made in violation of the patent. On an application made to Mr. Justice Nelson, at chambers, on notice to the defendants, but without any appearance by them, an order was made directing an injunction to restrain the defendants from making, using or selling any articles of India rubber, vulcanized according to the patent; and directing a further injunction to restrain them from selling or disposing of the shoes in question, unless the defendants should give their bond, with surety to be approved by the clerk as to amount and sufficiency, conditioned that, in the event of the sale or disposition of any of the shoes, the defendants would, if so ordered, account to the plaintiff for the damages sustained by him thereby. The injunction was issued. The plaintiff now moved for leave to amend the bill by adding, as plaintiffs, four foreign corporations, two of Connecticut and two of New Jersey, and by adding averments to the effect that, under an agreement made in July, 1848, between the plaintiff and those corporations, which was recorded in the patent office in August, 1848, and which was still in force, they were the owners of the exclusive right to make and sell all India rubber shoes under the patent; that Bourn and Brown had notice of such agreement before they infringed the patent; and that those corporations were now in the enjoyment of the rights they acquired by that agreement. The plaintiff asked that the amendments might be made without prejudice to the injunction, and that the injunction might be continued. The defendants moved, at the same time, on an answer and affidavits, for a dissolution of the injunction.

James T. Brady, for plaintiff.
Nathaniel Richardson, for defendants.

NELSON, Circuit Justice. 1. The amendments asked for cannot be allowed. They would, in effect, amount to the institution of a new suit against the defendants, ma-
terially different from the present one, both as to plaintiffs and rights of action. This exceeds the province of amendment, as was held by the supreme court of the United States at the last term. Shields v. Barrow, 17 How. [58 U. S.] 130.

2. The injunction heretofore issued must be dissolved, as the answer, supported by affidavits, shows that the shoes in question were made under a license from the plaintiff. The motion, also, for a further injunction must be denied, for the same reasons.

[See Case No. 5,564.

[For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]