LAND COMPANY OF NEW MEXICO, (Limited,) *v.* ELKINS and others.

*(Circuit Court, S. D. New York.* June 7, 1884.)

1. JURISDICTION OF CIRCUIT COURT—CITIZEN OF THE DISTRICT OF COLUMBIA.
      The jurisdiction of the circuit court does not extend to a controversy between an alien and a citizen of the District of Columbia, the latter not being a citizen of a state within the meaning of the acts conferring jurisdiction upon the circuit courts.

2. SAME—WANT OF JURISDICTION AS TO ONE DEFENDANT.
      Where a bill must be dismissed as to one defendant for want of jurisdiction as to him, and as to the other defendants no relief can be awarded without injuriously affecting the interests of the one over whom the court does not have jurisdiction, the court will not decree, and in such a case will refuse, a preliminary injunction.

3. SAME—ACTION BY ASSIGNEE—EQUITABLE TITLE.
      In a suit by the assignee of an equitable title to obtain a conveyance of the legal title, the assignor is not an indispensable party if the assignment is an absolute one. But where the assignee founds his right on an executory agreement, the assignor is a necessary party.

4. PRACTICE—AMENDMENT OF BILL.
      An amendment cannot be allowed which would, in effect, amount to the institution of a new and materially different suit, either as to parties or cause of action.

Motion to Dismiss.

*Sterne & Thompson,* for complainant.

*Shipman, Barlow, Laroque & Choate,* for Elkins.

*R. A. Prior,* for Butler and Smoot.

WALLACE, J. The complainant, a British corporation, has filed this bill against Elkins, a resident of New York, Smoot, a resident of the District of Columbia, Butler, a resident of Massachusetts, and three other defendants,—alleging, in substance, that Elkins, Smoot, and three others entered into an agreement for the joint purchase of a tract of land in New Mexico; that the land was purchased, and the title taken in the name of Elkins; that Smoot advanced his share of the purchase money, and under the terms of the agreement became entitled to a conveyance of an undivided fifth part of the land; that the complainant has acquired Smoot's interest by a purchase; that Elkins has recognized the purchase by complainant of Smoot's interest; that Smoot has assumed to assign and convey the interest acquired of him by complainant to the defendant Butler; and that Elkins refuses to convey the same to complainant, and threatens to convey the same to Butler.

The bill prays for a conveyance by Elkins of Smoot's interest to the complainant, and for an injunction against Elkins, Smoot, and Butler from interfering with complainant's interests.

The defendant Smoot moves to dismiss the bill as to him for want of jurisdiction. This motion must prevail, because it is well settled that a citizen of the District of Columbia is not a citizen of a state within the meaning of the judiciary act and the subsequent acts con-

ferring jurisdiction upon the circuit courts of the United States, and the jurisdiction of this court does not extend to a controversy between an alien and a citizen of the United States who is not a citizen of a state. *Hepburn* v. *Ellzey*, 2 Cranch, 445; *Barney* v. *Baltimore City*, 6 Wall. 280; *New Orleans* v. *Winter*, 1 Wheat. 91.

The complainant moves for a preliminary injunction against Elkins, and he resists the motion upon the ground that no relief can be decreed against him upon the bill. His contention is that Smoot is an indispensable party to the suit, and as there can be no decree against Smoot there can be none against him. If Smoot's interest in the controversy is such that a final decree could not be made against Elkins without affecting that interest, or leaving the controversy in such condition that its final determination may be inconsistent with justice, the court will not proceed in his absence. *Williams* v. *Bankhead*, 19 Wall. 563; *Florence Co.* v. *Singer Co.* 8 Blatchf. 113; *Mallow* v. *Hinde*, 12 Wheat. 193; *Bank* v. *Carrollton Railroad*, 11 Wall. 624. If the complainant had acquired Smoot's interest in the lands by a transfer, absolute and fully executed, the latter would not be a necessary party to the controversy. *Blake* v. *Jones*, 3 Anst. 651. An assignor who has made an absolute assignment of his interest need not be a party to a suit by the assignee to enforce the equitable title acquired by the transfer against a third party, even when the former retains the legal title. Barb. Parties, 463; *Trecothick* v. *Austin*, 4 Mason, 41; *Ward* v. *Van Bokkelen*, 2 Paige, 289–295. But the agreement under which the complainant acquired Smoot's interest in the land is executory, and Smoot is now asserting a right to transfer the same interest to Butler. A decree cannot be made without affecting his rights. If Elkins is adjudged to convey to complainant, Smoot's interest in the lands will be divested. Not being bound by the decree, he might still contest with Elkins and insist that he account for the value of the interest conveyed to complainant under the decree; but this might be a barren remedy. As Smoot cannot be made a party, no decree can be obtained by the complainant for the relief prayed in the bill. The motion for an injunction must therefore be denied.

The complainant cannot be permitted to amend its bill, as is suggested in its behalf, by omitting all the parties but Elkins, and proceeding against him upon the theory that complainant has acquired Smoot's interest by an absolute and unconditional transfer. An amendment cannot be allowed which would, in effect, amount to the institution of a new and materially different suit, either as to parties or to cause of action. *Goodyear* v. *Bourn*, 3 Blatchf. 266; *Oglesby* v. *Attrill*, 14 Fed. Rep. 214.