## KANSAS CITY SOUTHERN RY. CO. v. CHICAGO GREAT WESTERN R. CO. et al.

### No. 1869.

District Court, W. D. Missouri, W. D. April 25, 1932.

F. H. Moore, A. F. Smith, and Cyrus Crane, all of Kansas City, Mo., for plaintiff.

I. N. Watson, Henry N. Ess, Powell C. Groner, and Roy B. Thomson, all of Kansas City, Mo., and Ralph M. Shaw, Walter H. Jacobs, and Bryce L. Hamilton, all of Chicago, Ill., for defendants.

REEVES, District Judge.

Plaintiff has filed its amended bill of complaint, and therein it challenges the title and ownership of 104,500 shares of its stock in the defendant Chicago Great Western Railroad Company or Alleghany Corporation, or any of the numerous personal defendants, who are designated as nominees of the said Alleghany Corporation.

Plaintiff, being a railroad corporation of Missouri, asserts that the defendant, Chicago Great Western Railroad Company, an Illinois corporation, has sought to acquire the said 104,500 shares of its stock contrary to section 5177, Rev. St. Missouri 1929. Said section provides that: "No railroad corporation, * * * domestic or foreign, shall hereafter purchase or acquire, take or hold, any part of the capital stock of any railroad corporation * * * or other common carrier organized or existing under or by virtue of the laws of this state, unless authorized so to do by the commission" (public service commission).

Moreover, other than railroad corporations are forbidden to acquire more than 10 per cent. of the capital stock of any domestic railroad corporation.

It is alleged by the plaintiff that the public service commission of Missouri, upon an application duly filed, declined to authorize the acquisition of said shares of stock by the defendant railroad company, and that thereupon the said company dismissed its application and now seeks to vote or have voted such shares of stock at the approaching stockholders' meeting for the election of directors. Plaintiff, therefore, alleges that the voting of said shares by the defendant railroad company, or its agents, would be invalid, and that corporate confusion and uncertainty would be caused thereby. It seeks to have this court determine the title and ownership of said stock to the end that its election might be freed of any question of illegal voting. It seeks, moreover, to restrain the transfer of said stock until such ascertainment of ownership can be had.

The individual defendants, as well as the Alleghany Corporation, have filed motions to dismiss upon the ground that, as nonresidents of the state, the court was without jurisdiction as to them, and that valid substituted service could not be obtained, as attempted under section 118, title 28, United States Code (28 USCA § 118). This particular section provides for substituted service in cases of suits "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to * * * personal property within the district where such suit is brought."

The defendant railroad company chal-

lenges the procedure upon sundry grounds. Such grounds are that the provision of the Missouri law which forbids the acquisition of stock by another railroad company, except upon the approval of the public service commission of the state, is void because too indefinite, and, moreover, because it violates the Fourteenth Amendment to the Constitution; that the national law has rendered such provisions nugatory, even if otherwise valid, because the same field has been occupied by the national government; that the plaintiff has no litigable interest in the controversy, and that the bill fails to show a pecuniary interest within the jurisdiction of the federal court. These will be noted in the course of this memorandum opinion.

1. All of the defendants, save the defendant railroad company, have moved for a vacation of the several orders for substituted service, and have asked that such service be quashed. This should be first discussed.

Substituted service is only permissible in those cases where plaintiff seeks "to enforce any legal or equitable lien upon or claim to, or to remove any * * * cloud upon the title to ° * ° personal property within the district."

Plaintiff does not claim ownership of the stock. Such shares of stock have been heretofore legally issued for a consideration. The plaintiff has been paid for its stock, and its only complaint is that such shares have fallen into hands proscribed by statute. This statute is given an interpretation by plaintiff somewhat similar to the old English statute of mortmain.

Said section 5177, Rev. St. Missouri 1929, undertakes to nullify the acquisition of such stock under the circumstances mentioned, and then provides that "no such transfer or assignment shall be made upon the books of any such railroad corporation ° ° ° or shall be recognized as effective for any purpose." It would appear that this is a regulatory and supervisory statute, and, if valid, would clothe the state authorities with power to challenge by proper proceeding the employment of said shares in corporate elections or otherwise.

The only question in the case is whether the plaintiff may exercise a right and privilege which obviously belongs to the state. As stated, it has no interest in said shares. So far as it is concerned, there is neither a legal nor equitable lien or cloud upon the title. It has no title and does not make an assertion of ownership. Its chief complaint is that it may be vexed by questions arising in the matter of voting at its corporate election. This, however, is settled by statute. Section 4532, Rev. St. Missouri 1929, of the general or aggregate corporation law of Missouri, provides that: "At every election of directors, the transfer books of the corporation shall be produced to test the qualifications of the voters, and no person shall be admitted to vote, directly or by proxy, except those in whose names the shares of the stock of the corporation shall stand on such books, and shall have stood for at least thirty days previous to the election."

Upon the bill it is obvious that plaintiff is confused as to the particular shares sought to be controlled by the defendant railroad company and what persons will undertake to vote said shares. Under such circumstances, plaintiff is not called upon to purge its voting lists because of the regulatory laws of the state. No doubt it would be within the province of the state, through constituted authority, to interfere with the voting of said shares or to challenge the election, if same should be voted.

This is a right of the state and should not be a matter of solicitude on the part of the plaintiff. In view of the above, it must be held that the Alleghany Corporation and its alleged nominees were not properly brought into court by substituted service, and the orders therefor should be vacated and the service quashed.

Plaintiff is not aided by Jellenik v. Huron Copper Mining Company, 177 U. S. 1, 20 S. Ct. 559, 562, 44 L. Ed. 647, for the reason that "the plaintiffs alleged that they were the equitable owners of that stock, although the legal title was in certain of the defendants. The relief asked was a decree establishing their rightful title and ownership; and in order that such a decree might be obtained, the defendants referred to were ordered to appear, plead, answer, or demur."

In the case at bar, the plaintiff does not allege either legal or equitable interest, neither does it allege a cloud on the title to its stock.

2. In view of the above, it is not necessary to discuss other phases of the case, in so far as it appertains to the Chicago Great Western Railroad Company. It is doubtful if the plaintiff would have the right to enforce in the conduct of its affairs regulatory provisions of the state. However, the Congress has undoubtedly manifested an inten-

tion to occupy the field of railroad unification, consolidation, combination, and acquisition of control. If so, its enactments would supersede and override the state's regulatory provision.

Moreover, said defendant railroad company is apparently right as to the noneffectiveness of the arbitrary naked power conferred upon the public service commission for supervisory purposes. It is needless to discuss the authorities, as those cited by counsel are apparently in point.

3. It would be difficult to ascertain what pecuniary interest plaintiff would have in the controversy. It is charged with no duty with reference thereto, and those in whom the legal title is unquestionably placed have interposed no complaint and certainly would have no right to do so until they had tendered the consideration received for the stock.

Other points have been examined, but the above is deemed sufficient.

The application of the Chicago Great Western Railroad Company to dismiss the amended bill of plaintiff should be granted, and the restraining order heretofore issued is dissolved and the order therefor vacated.

It is so ordered.