**ALLA v. KORNFELD et al.**

No. 48 C 801.

United States District Court
N. D. Illinois, E. D.

June 8, 1949.

Eiger, Siegal & Rothenberg, Chicago, Ill., for the plaintiff.

Samuel L. Bullas, Chicago, Ill., for defendants Dubin, Kornfeld, Perlman and Salavitch.

Harold I. Chayes and Martin O. Weisbrod, Chicago, Ill., for defendant Lillard.

CAMPBELL, District Judge.

The plaintiff in this cause of action is a citizen of Brazil. The complaint alleges that the defendants entered into a contract with plaintiff whereby he was to be the exclusive distributor of an automobile called the "Town Shopper" throughout South America. At the time of the execution of the contract, plaintiff turned over $15,000 to defendants, which he eventually was to receive back in the form of discounts on automobiles delivered to him for sale. No deliveries were ever made. The complaint is set up in two counts: (1) For breach of contract; (2) For fraud.

Defendants duly filed the following motions: (a) Dubin—Motion to dismiss for failure to state a claim upon which relief can be granted; (b) Kornfeld, Perlman and Salavitch—Motion to dismiss for failure to state a claim upon which relief can be granted; (c) Lillard—Motion that service of summons be quashed and that he be dismissed as a defendant, on the grounds that he was a defendant in a criminal case in this district when served with process and that he is a citizen of the United States but not of any State therein.

The motions of Dubin and of Kornfeld, Perlman and Salavitch to dismiss are denied. In the first place, they failed to submit briefs in support of their motions in accordance with Rule 7 of this district, which fact is sufficient ground for denial of the motions. Furthermore, the complaint on its face clearly states a cause of action, and is immune to a motion to dismiss for failure to state a claim upon which relief can be granted.

Lillard's motion, however, should be granted. It appears from an affidavit, submitted in support of his motion, that an arrest warrant was issued against him on April 30, 1948. He was arrested in Texas and was brought to this district. On May 13, 1948 an indictment was returned against him. On May 18, 1948 he entered a plea of not guilty to the indictment, and the cause was ordered to be held on the trial call. On June 10, 1948, while he was awaiting trial, he was served with summons in the instant cause.

The law is clear that, while awaiting trial, a defendant in a criminal prosecution is immune from civil process. " * * * Until the indictment is disposed of and the prisoner is discharged he is constructively in custody of the law, and not until the happening of that event is he required to depart for the state of his domicile within a reasonable time or be deprived of his privilege to exemption from service of process." Adamy v. Parkhurst, 6 Cir., 61 F.2d 517, 518.

Lillard's further motion to be dismissed as a defendant challenges the jurisdiction of this Court to hear the controversy between plaintiff and him. His uncontroverted affidavit states that he has lived in Mexico continuously for a period of thirteen years, and that he is registered with the Department of State as a citizen of the United States. The pertinent grant of jurisdiction to the federal district courts is contained in the Judicial Code, 28 U.S.C.A. § 1332:

"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between:

"(1) Citizens of different States:

"(2) Citizens of a State, and foreign states or citizens or subjects thereof;"

There is a recognized distinction between citizenship of the United States and citizenship of a particular State, and a person may be the former without being the latter. Slaughterhouse Cases, 16 Wall. 36, 21 L.Ed. 394. In order to constitute

a person a citizen of a State, so as to sue or be sued in the courts of the United States, that person must have domicile in such State. If a person establishes domicile in a foreign country, he loses his State citizenship but not necessarily his United States citizenship. He loses the latter only where he renounces or otherwise abandons or loses it. Hammerstein v. Lyne, 8 Cir., 200 F. 165. Here it would appear that Lillard has lost his State citizenship but not his United States citizenship. Hence, as between him and plaintiff, the present action cannot be said to be a controversy between citizens of different States, nor between a citizen of a State and a citizen of a foreign state. At first blush, this might be deemed an inequitable situation, but it must be remembered that, in his present status, Lillard is similarly precluded from maintaining an action in the federal courts. The following cases support the result achieved here. Although, under the present Judicial Code, a resident of the District of Columbia may sue and be sued in the federal courts, the rationale of the Land Co. case is still applicable to the circumstances of the instant cause of action.

"The defendant Smoot moves to dismiss the bill as to him for want of jurisdiction. This motion must prevail, because it is well settled that a citizen of the District of Columbia is not a citizen of a state within the meaning of the judiciary act and the subsequent acts conferring jurisdiction upon the circuit courts of the United States, and the jurisdiction of this court does not extend to a controversy between an alien and a citizen of the United States who is not a citizen of a state. Hepburn v. Ellzey, 2 Cranch 445, [2 L.Ed. 332]; Barney v. Baltimore City, 6 Wall. 280, [18 L.Ed. 825]; New Orleans v. Winter, 1 Wheat. 91 [4 L.Ed. 44]." Land Co. of New Mexico, Ltd., v. Elkins, 2 Cir., 20 F. 545.

"As has been said, citizens of the District of Columbia were not granted the privilege of litigating in the federal courts on the ground of diversity of citizenship. Possibly no better reason for this fact exists than such citizens were not thought of when the judiciary article of the federal Constitution was drafted. It is even more probable that citizens of the United States, occupying the very unusual status that Pannill does, were also not thought of; but in any event a citizen of the United States, who is not a citizen of any state, is not within the language of the Constitution." D.C., Pannill v. Roanoke Times Co., 252 F. 910, 914.

For the above reasons, Lillard's motion to quash service of summons and to dismiss him from the action is granted. Service of summons is, therefore, quashed and the cause is dismissed as to defendant Lillard.