James B. McCLANAHAN and Leona G. McClanahan, Plaintiffs,

v.

J. F. GALLOWAY, Leila Galloway, John Doe, Richard Roe, Nancy Hoe, John Doe Company, a corporation, and Black Company, a partnership, Defendants.

Civ. No. 7129.

United States District Court, N. D. California, N. D.

Jan. 11, 1955.

Carlton & Shadwell, by Daniel S. Carlton, Redding, Cal., for plaintiffs.

Burton, Lee & Hennessy, by Lawrence J. Lee, Dunsmuir, Cal., for defendants.

HALBERT, District Judge:

This is an action for personal injuries and consequential damages growing out of an automobile accident which occurred near Hazel Creek, Shasta Coun-

ty, California. The action was originally commenced in the Superior Court of the State of California, in and for the County of Shasta, and was transferred to this Court on a petition for removal filed on behalf of the defendants, J. F. Galloway and Leila Galloway, by their attorney. The plaintiffs have now presented a motion to remand the case to the Superior Court on the ground that this Court is without jurisdiction. The defendants contend that they are citizens of the State of Alabama, and that the cause is properly transferred to this Court because of the diversity of the citizenship between themselves and the plaintiffs, who are citizens of the State of Washington. The matter of defendants' Alabama citizenship is disputed by plaintiffs.

■ No useful purpose will be served by reciting in detail all of the facts offered by the parties to support their respective positions, but suffice it to say that it appears that the defendants are now and for some thirty years last past have been domiciled in, and actual residents of, the Republic of Colombia. Defendants contend that they have always considered themselves citizens of Huntsville, Alabama, but the facts upon which they predicate this conclusion do not legally support defendants' claim. There is nothing in the record to justify a present finding that defendants are actually citizens of the State of Alabama. The record shows that the defendants are American citizens domiciled and residing in the Republic of Colombia for business reasons with no domicile or other tangible connections in the continental United States. The record fails to disclose that the defendants are citizens of the State of Alabama, or, in fact, any one of the forty-eight States in the United States of America.

■ The test of state citizenship, for the purpose of determining diversity of citizenship, is that of domicile. Citizenship and domicile are substantially synonymous in determining the jurisdiction of this Court under Title 28 U.S.C. § 1332. Valentine v. Powers, D.C., 85 F.Supp. 732, and Baker v. Keck, D.C., 13 F.Supp. 486. Diversity of citizenship does not depend upon residence, as citizenship and residence are not synonymous. Jeffcott v. Donovan, 9 Cir., 135 F.2d 213. A person who moves from one state to another with the intention of remaining there permanently or for an indefinite period of time is domiciled in the state to which he has moved even though he may entertain in his own mind a floating intention to return to the state from whence he moved. Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360, and Gallagher v. Philadelphia Transp. Co., 3 Cir., 185 F.2d 543. Under the showing made by the defendants in this case, there is no diversity of citizenship within the meaning of Title 28 U.S.C. § 1332. See: Alla v. Kornfeld, D. C., 84 F.Supp. 823, and Hammerstein v. Lyne, D.C., 200 F. 165.

■ The jurisdiction of this Court is never presumed. The presumption is in fact to the contrary. Lehigh Mining & Manufacturing Co. v. Kelly, 160 U.S. 327, 16 S.Ct. 307, 40 L.Ed. 444; United States v. Green, 9 Cir., 107 F.2d 19; and Durkey v. Arndt, D.C., 46 F.Supp. 256.

■ In the matter now before the Court the burden is on the defendants to clearly establish their right to have their case heard in this Court. Any doubt must be resolved against the defendants who are the parties asserting the jurisdiction of this Court. Since defendants have patently failed to meet the burden, which is theirs in this case, the motion to remand this action to the Superior Court must be granted. Cudney v. Midcontinental Air Lines, D.C., 98 F.Supp. 403; John Hancock Mutual Life Insurance Co. v. United Offices & Professional Workers of America, D. C., 93 F.Supp. 296; Old Reading Brewery v. Lebanon Valley Brewing Co., D.C., 102 F.Supp. 434; and Rice v. Sioux City Memorial Park Cemetery, D.C., 102 F. Supp. 658.

Having decided the matter of citizenship adversely to the defendants, there is no need to consider plaintiffs' claim that defendants' motion for removal was not timely.

It is hereby ordered that this case be, and the same is hereby remanded to the Superior Court of the State of California, in and for the County of Shasta, for all further proceedings. The Clerk is authorized and directed to take any and all steps necessary to complete the transfer of this case in accordance with this order.