**Samuel F. CLAPP, Plaintiff,**

v.

**STEARNS & CO., Roland B. Stearns, John Steiglitz, Larry Abrams and Raymond Oil Company, Inc., Defendants.**

United States District Court
S. D. New York.
May 13, 1964.

Day, Epworth, Plaskow & Lawrence, New York City, for defendant Raymond Oil Company, Inc. Sherman S. Lawrence, Robert B. Passer, New York City, Harry Robbins, Jr., Wichita, Kan., Gamelson, Robbins & Tinker, Wichita, Kan., of counsel.

Ross, Stamer, Wolf & Haft, New York City, for plaintiff. Robert J. Haft, New York City, of counsel.

WYATT, District Judge.

This is a motion (said to be under Fed. R.Civ.P. 12(b)) by defendant Raymond Oil Company, Inc. ("Raymond") to dismiss the action "or in lieu thereof, to quash the return of service of summons" and a further motion to dismiss the action for lack of jurisdiction because "the transaction alleged * * * was a Kansas transaction and was not a transaction which took place in the State of New York". The motion (supported by an affidavit and other papers and opposed by an affidavit and other papers) is treated as one under Fed.R.Civ.P. 12(b) (2), (3), (4), and (5) and 43(e).

The action is based on a complaint containing three counts.

The first count avers the purchase by plaintiff for $100,000 of "eight units of the Raymond 1961 Fall Oil Program" and that the purchase was induced by false and misleading representations of the defendants. It is principally asserted that these were violations of Section 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act" 15 U.S.C. § 78j(b)) and of Rule X–10b–5 prescribed by the Securities and Exchange Commission thereunder.

The second count avers the same purchase by plaintiff and a failure by defendants to comply with the so-called "Martin Act" of New York. General

Business Law of New York, McKinney's Consol.Laws, c. 20, §§ 352 and following.

The third count avers the same purchase by plaintiff and a failure by defendants to comply with the so-called "Massachusetts Blue Sky Law". General Laws of Massachusetts 1932, c. 110A as amended, sometimes called the "Sale of Securities Act".

Jurisdiction of this Court as to the first count is based on Section 27 of the 1934 Act (15 U.S.C. § 78aa).

Jurisdiction of the second and third counts is based on an alleged diversity of citizenship. It is averred that plaintiff is a "resident of Nassau, Bahamas", that each individual defendant "resides" in New York, and that Raymond is a Delaware corporation "doing business" in New York.

 It is evident that the jurisdictional averments as to the second and third counts are defective. "An averment of residence is not the equivalent of an averment of citizenship for the purposes of jurisdiction in the courts of the United States". Everhart v. Huntsville Female College, 120 U.S. 223, 224, 7 S.Ct. 555, 3 L.Ed. 623 (1887). For all that appears, plaintiff may be a citizen of the United States with a domicile in Nassau. If so he may not sue in a Federal Court under diversity of citizenship jurisdiction because he would not be a citizen of any state. Pemberton v. Colonna, 290 F.2d 220 (3d Cir. 1961); McClanahan v. Galloway, 127 F.Supp. 929 (N.D.Cal.1955); Alla v. Kornfeld, 84 F. Supp. 823 (N.D.Ill.1949); Cowell v. Ducas, 2 F.Supp. 1 (S.D.N.Y.1932); Hammerstein v. Lyne, 200 F. 165 (W.D. Mo.1912); 1 Barron and Holtzoff, Federal Practice & Procedure 138 (Wright ed. 1960). The second and third counts in the complaint must be dismissed for lack of jurisdiction.

 As to the first count, the Court has jurisdiction and service of process on Raymond in Kansas (where admittedly it has its principal place of business)

is valid and proper. The action is properly brought in New York if "any act or transaction constituting the violation occurred" here. 15 U.S.C. § 78aa.

 It is established that defendant Abrams from New York made a telephone call to plaintiff, who was apparently in Boston. This telephone call was part and parcel of the alleged violation and was an "act" in New York. We need not inquire whether Abrams was or was not an agent of Raymond because jurisdiction of this Court over the action does not depend on whether each defendant performed an "act or transaction" in New York. It is enough if "any act or transaction" by any defendant occurred here. Whether Raymond itself performed the "act or transaction" is immaterial. This not only appears from the wording of the Act and from its policy to provide a forum for suits involving multi-state frauds, no matter of how many states the defendants are citizens. It also appears from the decided cases which, although not specifically discussing the point, uphold jurisdiction in such a case as that at bar. Hooper v. Mountain States Securities Corporation, 282 F.2d 195 (5th Cir. 1960); Conn. Mutual Life Ins. Co. v. Shields, 131 F.Supp. 363 (S.D.N.Y.1954); Greenwich Savings Bank v. Shields, 131 F.Supp. 368 (S.D.N. Y.1955); Thiele v. Shields, 131 F.Supp. 416 (S.D.N.Y.1955). See also Townsend Corp. of America v. Davidson, 222 F. Supp. 1, 3–4 (D.N.J.1963).

The motion is accordingly denied as to the "first claim" contained in the amended complaint.

There is no just reason for delay and the Clerk is directed to enter judgment in favor of all defendants dismissing the "second claim" and "third claim" of the amended complaint for lack of jurisdiction of the subject matter. Fed.R.Civ.P. 12(h) and 54(b); Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942).

So ordered.