**George NATKIN and Tillie Natkin, Plaintiffs-Appellants,**

**v.**

**The EXCHANGE NATIONAL BANK OF CHICAGO, Defendant-Appellee.**

**No. 14801.**

United States Court of Appeals Seventh Circuit.

March 2, 1965.

Nathan T. Notkin, Chicago, Ill., for appellants.

Jack Joseph, Chicago, Ill., for appellee.

Before CASTLE, Acting Chief Judge, and KILEY and SWYGERT, Circuit Judges.

CASTLE, Acting Chief Judge.

Ben Notkin, George Natkin and Tillie Natkin [1] commenced this action in the District Court against the defendant-appellee, the Exchange National Bank of Chicago. Jurisdiction is predicated on Section 27 of the Securities Exchange Act of 1934 (15 U.S.C.A. § 78aa) and 28 U.S.C.A. § 1331.

The complaint alleges the bank made loans to Ben Notkin in violation of Regulation U [2] issued by the Federal Reserve Board pursuant to Section 7 of the Se-

1. George and Tillie Natkin are husband and wife, and George is a brother to Ben Notkin.

2. Regulation U (12 CFR 221) prescribed the respective limitations, during the period involved, (10%, and later 30%, of current market value of stock pledged as collateral) in excess of which banks were prohibited from making a loan for the purpose of purchasing or carrying stock on a national securities exchange.

curities Exchange Act[3] (15 U.S.C.A. § 78g); that the loans were void under the provisions of Section 29(b) of the Act (15 U.S.C.A. § 78cc(b)); and that the bank sold all of the stocks pledged with it as collateral in connection with the loans. Plaintiff, Ben Notkin, sought recovery of $30,000, alleged to represent the value of certain of the stocks pledged as collateral. He also sought an order to restrain the bank from attempting to enforce collection of any deficiency on the loans. Plaintiffs, George and Tillie Natkin, seek the return of certain stocks Ben Notkin obtained from them and deposited as additional collateral, which also were sold by the bank, or $10,000, the alleged value of such stocks. The bank filed an answer which admits the existence of the loans but denies their invalidity and denies knowledge that the borrower intended to use the proceeds for the purchase of securities.

Subsequent to the filing of the complaint Ben Notkin filed a voluntary petition in bankruptcy. His claim against the bank was settled by the trustee in bankruptcy. Releases were executed by both the bankrupt and the trustee with respect to the claim, without prejudice to the rights of the bank in the District Court action and without admission of any liability on the part of the bank. An order was entered dismissing the action as to the claim of Ben Notkin and his successor in interest, the trustee in bankruptcy.

The bank then filed a motion for summary judgment with respect to the claim of George and Tillie Natkin, the remaining plaintiffs.[4] The motion was heard on the pleadings, a stipulation as to certain facts, and deposition testimony. The District Court found that no material issue of fact existed with respect to the issues presented by the motion and concluded, among other things, that the plaintiffs are not within the class of persons afforded protection by Section 29(b) of the Act and that no cause of action was stated with respect to their

claim. The court granted the defendant's motion for summary judgment and entered judgment dismissing the action at plaintiffs' costs. The plaintiffs appealed.

■ The record discloses that the stocks which plaintiffs delivered to Ben Notkin in order that he might deposit them as additional collateral to secure his loans from the bank were endorsed in blank by the plaintiffs to make them readily negotiable in the event the bank chose to sell such collateral. There is nothing to indicate the bank in any manner participated in the arrangement between the plaintiffs and Ben Notkin by which the latter secured the stocks from the plaintiffs. George Natkin testified by deposition that the plaintiffs' stock was loaned to Ben Notkin. It is conceded there is no contractual relationship between the bank and the plaintiffs and that the plaintiffs are strangers to the loan transactions between Ben Notkin and the bank. No privity of contract exists between the plaintiffs and the bank. But plaintiffs predicate their claim of "wrongful conversion" of their stocks— by the bank's sale of such collateral—on the provisions of Section 29(b) of the Act. That section (15 U.S.C.A. § 78cc) insofar as it is here pertinent, reads as follows:

> "(b) Every contract made in violation of any provision of this chapter or of any rule or regulation thereunder, and every contract * * * the performance of which involves the violation of, * * * any provision of this chapter or any rule or regulation thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, or regulation, shall have made or engaged in the performance of any such contract, * * *."

Although a violation such as here alleged operates to void the contract rights of the party in violation (Cf. Bankers Life and Casualty Company v. Bellanca Corporation, 7 Cir., 288 F.2d 784, 787) there is nothing in the section which op-

---

3. Hereinafter referred to as the "Act".

4. Hereinafter referred to as "plaintiffs".

erates to create any right or cause of action against the party in violation in favor of a stranger to the contract.

We agree with the District Court that on the admitted facts the statute, as a matter of law, does not entitle plaintiffs to any recovery from the bank.

The judgment order appealed from is affirmed.

Affirmed.