**LEE NATIONAL CORPORATION**

v.

**KANSAS CITY SOUTHERN INDUS-
TRIES, INC.**

**No. 70 Civ. 143.**

United States District Court,
S. D. New York.

May 20, 1970.

See also D.C., 50 F.R.D. 412.

Simpson, Thacher & Bartlett, by Eleanor M. Fox, New York City, for plaintiff.

Sullivan & Cromwell, by J. Marshall Wellborn, New York City, for defendant; Watson, Ess, Marshall & Enggas, Kansas City, Mo., by Landon H. Rowland, Kansas City, Mo., of counsel.

## OPINION

TYLER, District Judge.

Plaintiff Lee National Corporation ("Lee") moves for summary judgment under Rule 56, Fed.R.Civ.P., for the payment of dividends which it claims as a record stockholder of defendant, Kansas City Southern Industries, Inc. ("KCSI"). KCSI opposes the motion for summary judgment and also moves under 28 U.S.C. § 1404(a) to transfer the action to the Western District of Missouri, where KCSI has filed an interpleader action to determine the proper claimant to the disputed dividends.[1]

These motions are brought amid a struggle for influence in the affairs of KCSI, which has generated a mass of litigative activity to be briefly outlined as background. On the same day that KCSI filed its interpleader action, it brought another suit against Lee in the Western District of Missouri, Civil Action No. 17852–1, seeking injunctive relief and damages for Lee's alleged violations of the Investment Company Act of 1940, the Securities Exchange Act of 1934 and the Communications Act of 1934. On February 2, 1970, Lee moved to dismiss KCSI's interpleader claims in Missouri. On March 4, 1970, KCSI moved to consolidate those two actions in the Western District of Missouri. No determination of these actions or motions has been brought to my attention.

On March 13, 1970, the Missouri Public Service Commission ordered the parties to show cause why Lee's acquisition of KCSI capital stock without the approval of the Missouri Public Service Commission should not be declared void under V.A.M.S. § 387.260, R.S.Mo., 1959.

A hearing was set for April 23, 1970. No determination by the Commission has been brought to my attention.

There is active litigation between the parties in yet a third federal district court. On December 10, 1969, Lee filed suit in the District of Delaware, Civil Action 3823, attacking various activities of KCSI under the 1934 Securities Exchange Act. On the same day Lee moved the district court in Delaware to enjoin the non-interpleader litigation in Missouri, Civil Action No. 17852–1. That motion was denied on January 6, 1970. Lee National Corporation v. Deramus, 313 F.Supp. 224 (D.Del.1970).

This court granted Lee's request for a stockholders list in an action it brought against KCSI in this district earlier this year. In re Lee National Corp. v. KCSI, 70 Civ. 854 (S.D.N.Y. March 20, 1970).

█ I turn first to the motion to transfer this suit to the District Court for the Western District of Missouri. In the stockholder action I held that there was jurisdiction over the parties in this forum. The question is now a more refined one: does the Western District of Missouri hold the balance of advantage over this forum as the better arena in which to test the present claims? In order to prevail on the motion for transfer, the moving defendant must show that the weight of convenience for litigation and the interests of justice are in favor of the proposed forum. 28 U.S.C. § 1404(a), Cressman v. United Airlines, Inc., 158 F.Supp. 404 (S.D.N.Y.1958). KCSI seeks to do that by raising a defense to the claims of Lee which involves possible violations of the 1940 Investment Company Act by Lee and further points out that those claims are part of the interpleader action presently pending in the Missouri court. If this defense were tried out, it would raise questions of Lee's activities and behavior. Lee is a New York-based corporation. On the traditional considerations of the availability of wit-

---

1. That action, Civil Action No. 17853–1, was commenced on November 24, 1969.

nesses and records, the Western District of Missouri appears to have no advantage over the Southern District of New York. Having already determined that KCSI is present in this judicial district, I find that no marked gain in convenience to the parties would be achieved by transfer to Missouri. Further, since I have studied the papers and arguments of the parties, I believe there is no likelihood of speedier disposition of this matter if it is transferred to Missouri. Thus, consideration of the traditional standards would lead me to deny the motion to transfer.

This web of litigative activity, however, is not a suit cut from the traditional fabric. The fact that one action pending in Missouri is an interpleader suit makes the transfer motion more than an issue of forum non conveniens and raises problems that are most clearly seen if the issue of summary judgment, to which I now turn, is first explored.

Lee has bought 20% of the common stock of KCSI and a portion of KCSI's preferred stock. According to the affidavit of Irvine O. Hockaday, Jr., Vice-President of KCSI, at the point when Lee had acquired nearly 13% of KCSI's capital stock, KCSI became concerned that there were substantial questions about Lee's status under the 1940 Investment Company Act which could expose KCSI to claims arising under that Act. Without exploring the precise nature of KCSI's concerns, it is sufficient to know that KCSI thought Lee might have violated the terms of the 1940 Act and that, on looking at § 47 of the Act, 15 U.S.C. § 80a–46,[2] KCSI felt that the purchases of KCSI stock made by Lee might be void. Therefore, despite the fact that Lee was carried as owner of the shares on the transfer books of KCSI, KCSI thought Lee might not be the legal owner of the shares. With these concerns, KCSI segregated the shares attributed to Lee on its books and, at the declaration of a dividend in late 1969, refused to pay any part of it directly to Lee.[3] Instead of payment, KCSI commenced the interpleader suit in the District Court in Missouri described above.

KCSI had similar fears about possible claims against it arising under a Missouri statute. The statute regulates the purchase of railroad company stock and, when the regulatory provisions are violated, commands that:

> "Every contract, assignment, transfer or agreement for transfer of any stock by or through any person or corporation to any corporation, in violation of any provision of this chapter, shall be void and of no effect, and no such transfer or assignment shall be made upon the books of any such railroad corporation * * * or shall be recognized as effective for any purpose." V.A.M.S. 387.260(3).

KCSI contends that Lee's activities may be in violation of the Missouri statute and that its purchases may be void. Thus by a line of reasoning parallel to that dealing with the 1940 Investment Company Act, KCSI contends that it is entitled to adjudication of this issue, now before the Missouri Public Service Commission, before payment of dividends can be required.

In the case at bar, Lee bases its action on the amended bylaws of KCSI which

---

2. "Every contract made in violation of any provision of this subchapter or of any rule, regulation, or order thereunder, and every contract heretofore or hereafter made, the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this subchapter, or any rule, regulation, or order thereunder, shall be void (1) as regards the rights of any person who, in violation of any such provision, rule, regulation, or order, shall have made or engaged in the performance of any such contract * * *." 15 U.S.C. § 80a–46(b).

3. Similar action has been taken with dividends declared since November and may be expected to the continue until a judicial determination of rights to the dividends is made.

govern transfer of shares and the management of the transfer books.[4] Lee further relies on a section of the Delaware Code, the state of KCSI's incorporation, which states that

"Prior to due presentment for registration of transfer of a security in registered form the issuer or indenture trustee may treat the registered owner as the person exclusively entitled to vote, to receive notifications and otherwise to exercise all the rights and powers of an owner." Del.Code Ann. tit. 5A, § 8–207

Lee contends that this is enough, *prima facie*, to establish its right to the payment of dividends in light of its position on KCSI's transfer books. I agree. Both the words of the Delaware statute and the bylaws and their common interpretation are too clear to demand extended discussion. In the normal course, a transferee of securities registered as such on the books of the company will be treated as the owner of the securities transferred to it. Certainly where the transfer is not disputed, the transferee may claim the rights of ownership. Payment of dividends declared is obviously such a right.

To these comparatively unexceptional propositions, KCSI raises its affirmative defenses, disputing the transfer of shares to Lee and contending that Lee's possible violation of the 1940 Act and the Missouri statute must be adjudicated before KCSI can be required to make dividend payments.

In reply to the affirmative defenses Lee first argues that KCSI has no standing to raise such claims, thus making its defenses inadequate; in addition, Lee contends that it has in no way violated either the 1940 Investment Company Act or the Missouri statute, and thus the fearful concerns of KCSI are groundless.

The immediate question is whether KCSI's affirmative defenses raise issues which sufficiently invoke the interests of KCSI so that they are proper for adjudication by this court in litigation between these parties. KCSI rests its defenses on the possibility of actions which may be brought against Lee and which, if Lee did not prevail and were unable to pay the judgment, might lead to suits against KCSI resulting in potential liability by KCSI. Perhaps a suit directly against KCSI might be initiated. In fact, no suits under the 1940 Act have been brought by transferors to Lee or by the SEC against either Lee or KCSI. Thus, the suits posed by KCSI under that statute are purely hypothetical and imaginary. Further, the arguments and theories on which the hypothesized suits would be brought are, of necessity, KCSI's own rather than those of any litigant challenging the transfer of shares to Lee. KCSI has able and ingenious attorneys, but it would be inappropriate for a court to decide issues based on claims to be made by a plaintiff who has not yet presented those claims. KCSI is simply without sufficient legal interest in the initial issues which would have to be set-

---

4. " * * * A person in whose name shares of stock stand on the books of the Company and no one else shall be deemed the owner thereof as regards the Company." Article V, § 4.; " * * * The Board of Directors may close the stock transfer books of the Company for a period not exceeding sixty (60) days preceding the date of any meeting of stockholders or the date for payment of any dividend. * * * In lieu of closing the stock transfer books as aforesaid, the Board of Directors may fix in advance a date, not exceeding sixty (60) days preceding the date of any meeting of stockholders, or the date for the payment of any dividend, * * * and in such case such stockholders and only such stockholders as shall be stockholders of record on the date so fixed shall be entitled to such notice of, and to vote at, such meeting and any adjournment thereof, or to receive payment of such dividend, * * * notwithstanding any transfer of any stock on the books of the Company after any such record date fixed as aforesaid." Article V, § 7.

tled between the transferors to Lee and Lee or KCSI to be able to obtain adjudication of those issues by this court. I will not entertain KCSI's defense under the 1940 Investment Company Act.[5]

In its defense under the Missouri statute, KCSI can point to an active investigation of Lee's acquisition of KCSI stock.[6] Despite that action before the Missouri Public Service Commission, it does not follow that KCSI may, on its own motion, cut off dividend payments to an otherwise bona fide stockholder until the Commission has reached a determination.

■ The Missouri statute which KCSI seeks to invoke here has previously been interpreted in Kansas City Southern Railway Co. v. Chicago Great Western Railroad Co., 58 F.2d 810 (W.D.Mo.1932). In that case, plaintiff railroad company challenged the title and ownership of its shares held by the defendant and sought to have the court determine title and ownership to avoid illegality in the casting of votes at the annual stockholders meeting. The court quoted the language of the statute which defendant invokes here and went on to say:

"It would appear that this is a regulatory and supervisory statute, and, if valid, would clothe the state authorities with power to challenge by proper proceeding the employment of said shares in corporate elections or otherwise.

The only question in the case is whether the plaintiff may exercise a right and privilege which obviously belongs to the state. * * *

This is a right of the state and should not be a matter of solicitude on the part of the plaintiff." At 811.

Without reciting the reasoning of the court in reaching its decision, it is sufficient to know that it follows lines parallel or analogous to those I have traced out on the problem presented by the 1940 Investment Company Act. The position of the Missouri court appears to me a sound one, and I see no reason to deviate from it.[7] The defendant here does not have sufficient legal interest in the issue raised to require its adjudication by this court. The defense raised under the Missouri statute is inadequate.[8]

I now turn back to the interpleader issue raised by the motion to transfer. If summary judgment were entered in this court for Lee, it would be a judicial determination of issues now pending before the Missouri court in the interpleader action. Most importantly, it would be

---

5. One reason there may be no suits against Lee by its transferors is that the likelihood of success in such an action appears slim indeed. The likelihood of succeeding in a second or alternate suit against KCSI is even slimmer. *See* Mills v. Electric Auto-Lite Co., 396 U.S. 375, 387, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970); SEC v. General Time Corp., 407 F.2d 65 (2d Cir. 1968) cert. denied 393 U.S. 1026, 89 S.Ct. 637, 21 L.Ed.2d 570 (1969); Greater Iowa Corp. v. McLendon, 378 F.2d 783 (8th Cir. 1967); Natkin v. Exchange National Bank of Chicago, 342 F.2d 675 (7th Cir. 1965).

6. The Commission's interest, it would appear, was triggered by entreaties of none other than KCSI's subsidiary or its lawyers.

7. See also Steckler v. Pennroad Corp., 136 F.2d 197 (3d Cir.), cert. denied 320 U.S. 757, 64 S.Ct. 64, 88 L.Ed. 451 (1943).

8. This result should not come as too great a surprise to KCSI's Missouri counsel. That firm of attorneys was counsel to the prevailing stockholders in Kansas City Southern Railway Co. v. Chicago Great Western Railroad Corp. Their arguments of thirty-eight years ago retain their cogency today.

9. "The district courts shall have original jurisdiction of any civil action of interpleader * * * if (1) Two or more adverse claimants * * * are claiming or may claim to be entitled to such money or property * * *." 28 U.S.C. § 1335 (a).

10. "Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." Rule 22(1), Fed.R.Civ.P.

a determination based on a standard of legal interest sufficient to assert a claim which is more stringent than that laid down for interpleader suits under 28 U.S.C. § 1335 [9] and Rule 22, Fed.R.Civ.P.[10] There is a clear policy in the statute and the rule to grant a party standing to assert claims to which it *may* be liable. Thus, the entry of judgment on this motion for summary judgment employing the traditional and more stringent standing requirements of other forms of action might well undermine the policies favoring liberal interpretation of the standing requirements for interpleader. On the other hand, if the present summary judgment motion were decided using the standing tests of interpleader actions, it would effectively bring the core of the Missouri action before this court. Concern for the comity which should exist between federal courts and for the proper representation of the litigants before the Missouri court who are not involved in the action here leads me to refrain from immediately entering summary judgment for Lee.

On the issues presented in this action, I hold that defendant KCSI has failed to raise an adequate defense to Lee's claim for the payment of dividends and that Lee, therefore, has clearly prevailed on the merits. I also hold that these issues may be conveniently and thoroughly tested in this forum. Nevertheless, the thrust of the liberal standing policy embodied in the interpleader statute and Rule 22 and a recognition of the comity which should exist between federal courts lead me to stay execution of final judgment on these motions. Specifically, denial of KCSI's motion to transfer and granting of Lee's motion for summary judgment are stayed sixty days to allow application to the District Court for the Western District of Missouri to determine whether there is in fact a serious interpleader claim before that court, the proper resolution of which might in any way alter or further stay the execution of the judgment of this court. It is so ordered.