Jerome John **ALTMAN** et al., Plaintiffs,

v.

William N. **DERAMUS**, III, et al., Defendants.

No. 71–Civ. 1730.

United States District Court, S. D. New York.

Feb. 2, 1972.

Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiffs, by Philip Jones, A. Arnold Gershon, Donald M. Ruby, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants Deramus and Frith, by

Marvin Schwartz, Robert G. Sugarman, New York City, Watson, Ess, Marshall & Engass, Landon H. Rowland, Kansas City, Mo., of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants Lee National Corp., Francis S. Levien and William G. Dillon, by Eleanor M. Fox, New York City, of counsel.

Walsh & Prisch, New York City, for defendant Kansas City Southern Industries, Inc., by Jerome K. Walsh, Jr., New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

On April 19, 1971 plaintiffs brought this shareholder derivative action on behalf of Kansas City Southern Industries, Inc. (KCSI) against certain of its officers and directors,[1] Lee National Corporation (Lee), and two officers and directors of Lee who were members of the Board of Directors of KCSI (William G. Dillon and Francis S. Levien) for alleged violation of federal securities law and common law. Jurisdiction is based on the Securities and Exchange Act of 1934 (the Act), section 27 (15 U.S.C. § 78aa), pendent and diversity jurisdiction.

By this motion defendants, Deramus, Frith and KCSI move for an order pursuant to Fed.R.Civ.P. Rule 12(b) to dismiss this action against William Deramus, III, and Orval Frith for lack of personal jurisdiction, and, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the Western District of Missouri.

This action stems from a November 1970 Agreement[2] (Agreement) entered into by KCSI and Lee, to halt Lee in its effort to take over control of KCSI. It provides for Lee to transfer KCSI stock it owned (Lee had acquired 21% of KCSI voting stock) and for the dismissal of litigation between KCSI and Lee[3] in exchange for real estate, securities and cash of KCSI. Plaintiffs assert that the Agreement resulted in KCSI exchanging twenty-seven million dollars in corporate assets for eighteen million dollars worth of stock held by Lee and that it was beneficial only to KCSI management desirous of entrenching themselves in power.

The complaint alleges that KCSI shareholder approval of the Agreement was obtained by the use of a false and misleading proxy statement in violation of section 14(a) of the Act and Rule 14(a)–9 promulgated thereunder. It also alleges violation of section 10(b) of the Act and Rule 10(b)–5, for alleged use of the mails and other means of interstate commerce to defraud KCSI and its shareholders in connection with the purchase and sale of the stock of KCSI. The complaint also asserts violations of common law fiduciary duties and obligations.

Movants assert: (1) Section 27 of the Act is not applicable; (2) if Section 27 is applicable then sufficient jurisdictional facts have not been alleged; and (3) even if service under Section 27 is effective, no jurisdiction is thereby conferred on claims arising from state statutes or common law.

Section 27 of the Act provides for United States District Courts to have exclusive jurisdiction of suits "brought to enforce any liability or duty created by this chapter [the Act] or the rules and regulations thereunder." 15 U.S.C. § 78aa. Plaintiffs have adequately asserted violations of sections 10(b) and 14(a) of the Act and Rules 10(b)–5 and 14(a)–9 regarding an alleged securities fraud and misleading proxy statements

---

1. Of the fifteen individual defendants who are officers or directors of KCSI, plaintiffs have obtained service on William Deramus, III and Orval Frith only. They assert that they "do not intend to serve any other persons in this action." (Ruby affidavit, Oct. 19, 1971, p. 3.)

2. Exhibit A, appendix A.

3. United States District Court, Western District of Missouri, civil docket numbers: 17,852–1; 17,853–1; 19,132–1; 19,133–1—which have been disposed of.

to come under the jurisdictional umbrella of Section 27.

■ The argument that ʹ the Court does not have personal jurisdiction over Deramus or Frith because it allegedly has not been demonstrated that either individual personally committed acts within the forum district is not dispositive of the issue. Defendant Lee is incorporated and its principal place of business is in New York. Defendant Levien resides and has his office located in New York. Defendant Dillon has his principal office in New York. Defendant KCSI does business in interstate commerce, including New York. The stock of KCSI is traded on the New York Stock Exchange. The investment bankers employed by KCSI to render opinions regarding the Agreement are located in New York. The alleged improper proxy statements were sent into and disseminated in New York. Movants do not contest that one act or transaction in furtherance of the Agreement was committed in New York by at least one of the defendants. Defendant Deramus is chairman of the Board of Directors and president of KCSI. Defendant Frith is executive vice-president of KCSI. KCSI is a party to the contested Agreement. Section 27 of the Act provides a forum for suits involving multi-state frauds. In furtherance of that policy: "It is enough if *any* act or transaction" by *any* defendant occurred here." (Emphasis added.) Clapp v. Stearns & Co., 229 F.Supp. 305, 307 (S. D.N.Y.1964) (Wyatt, J.). Robbins v. Banner Industries, Inc., 285 F.Supp. 758 (S.D.N.Y.1968) (Bryan, J.). Due process standards of "traditional notions of fair play and substantial justice" [4] have been satisfied in this action. *See* Leasco Data Processing Equipment Corp. v. Maxwell, 319 F.Supp. 1256 (S.D.N.Y. 1970) (Lasker, J.).

■ Movants argue that even conceding proper service pursuant to section 27

of the Act, jurisdiction is not thereby conferred over these defendants as to claims arising from state statutes or common law. While this question has stimulated a split of authority in this as well as other courts, the better-reasoned opinions support the view that upholds pendent personal jurisdiction in circumstances such as in the present action. Sprayregen v. Livingston Oil Co., 295 F.Supp. 1376, 1379 (S.D.N.Y.) (Bryan, J.), citing Kane v. Central American Mining and Oil, Inc., 235 F.Supp. 559, 568 (S.D.N.Y.1964) (Weinfeld, J.); Cooper v. North Jersey Trust Co. of Ridgewood, 226 F.Supp. 972, 980–982 (S.D.N.Y.1964) (Feinberg, J.), citing Schwartz v. Eaton, 264 F.2d 195, 197– 198 (2d Cir. 1959). *Cf.* Drachman v. Harvey, 453 F.2d 722 (2d Cir. 1972) (en banc).

■ The second branch of this motion, to transfer this action to the Western District of Missouri, is decided with a concern "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but without a clear-cut test. Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S. D.N.Y.1958) (Kaufman, J.). The court balances factors presented by the parties to determine whether the movants have sustained their burden of proving that the court is clearly justified in denying plaintiff his choice of forum. Baksay v. Rensellear Polytech Institute, 281 F. Supp. 1007 (S.D.N.Y.1968), citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S. Ct. 839, 91 L.Ed. 1055 (1947); Securities and Exchange Commission v. Golconda Mining Co., 246 F.Supp. 54, 57 (S.D.N.Y.1965), petition for writ of mandamus denied, sub nom. Golconda Mining Corp. v. Herlands, 365 F.2d 856 (2d Cir. 1966).

Movants present the following factors on their behalf: (1) Convenience of the parties—eight of the individual director defendants reside in Kansas City, Mis-

---

4. International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). *See,* Hanson v.

Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

souri or its suburbs. Seven of the other directors are substantially closer to Kansas City than to New York. The Western District of Missouri is the principal place of business of KCSI. Defendants Lee, Levien, and Dillon, the only defendants located in the Southern District of New York, support this motion to transfer.

(2) Convenience of the witnesses— oral testimony will come from the individual defendant directors of KCSI who, as depicted above, are in, or are more conveniently located near, the Western District of Missouri. The eight appraisers who worked on the real estate aspect of the Agreement reside in or are much closer to Kansas City than New York. The certified accountants who worked on the resultant benefits of the Agreement to KCSI shareholders and their work product, are located in Kansas City. Defendants Dillon and Levien, if physically capable, agree to travel to Missouri to testify if the action is transferred.

(3) Access to sources of proof—depositions, exhibits and documents from suits previously instituted by Lee and containing issues similar to those herein are in the Western District of Missouri. The business records of KCSI are located at KCSI headquarters in Kansas City, Missouri.

(4) Other factors—this suit can be more expeditiously determined in the Western District of Missouri than in the Southern District of New York.

Plaintiffs, opposing the motion to transfer, make the following argument:

(1) Convenience of the parties— plaintiffs reside in Stamford, Connecticut, in close proximity to the City of New York. Defendant Lee, a New York corporation, and its executives named as defendants are located in New York. KCSI is a large corporation engaged in business in interstate commerce.

(2) Convenience of the witnesses—the two investment banking firms from whom KCSI sought opinions concerning the fairness of the Agreement maintain their principal office in New York. William Zeckendorf and General Property Corporation who were involved in the Agreement are located in New York. Defendants Deramus and Frith are to be the only KCSI directors served in this action, and the other directors of KCSI could only offer testimony cumulative in nature to that presented by Deramus and Frith. Plaintiffs assert that as the real estate appraisals and the tax-free nature of the exchange have not been questioned, witnesses and documents regarding these matters will be of no significance to this motion. Most of the proposed witnesses, it is asserted, have interests opposed to those of the plaintiffs, are located in New York, and will be beyond the reach of a subpoena to compel attendance if the action is transferred. *See* Fed.R.Civ.P. Rule 45(e).

(3) Access to sources of proof—the issues raised by the Missouri actions are not even similar to the issues in the present case. The evidence gathered in said cases is thus inconsequential to this motion to transfer. The court of the Western District of Missouri in dismissing the Missouri actions specifically ordered that the dismissal of said actions would not prejudice the prosecution of the present action.

(4) Other factors—counsel for plaintiffs are located in the Southern District of New York. Transfer of this action would thereby engender delay and plaintiffs would be caused to incur substantial additional expense. The Securities and Exchange Act of 1934 sets forth broad venue rules to facilitate the bringing of actions under the Act.

In a prior decision involving KCSI and Lee (Lee National Corp. v. Kansas City Southern Industries, Inc., 314 F. Supp. 1009 (S.D.N.Y.1970)), in which Lee opposed the motion, Judge Tyler of this Court denied the motion to transfer to the Western District of Missouri, stating:

"On the traditional considerations of the availability of witnesses and records, the Western District of Mis-

 

souri appears to have no advantage over the Southern District of New York. Having already determined that KCSI is present in this judicial district, I find that no marked gain and convenience to the parties would be achieved by a transfer to Missouri. Further, since I have studied the papers and arguments of the parties, I believe there is no likelihood of speedier disposition of this matter if it is transferred to Missouri. Thus, consideration of the traditional standards would lead me to deny the motion to transfer." 314 F.Supp. at 1010–1011.

Subsequent to the denial by Judge Tyler, an interpleader action commenced by KCSI against Lee and others in the Western District of Missouri (Civil Action 17853–1) was transferred to the Southern District of New York by stipulation. (70–Civ. 2706.)

The court is mindful of the particular nature of this action.

The broad venue statutes in the various Acts regulating securities are designed to allow the alleged defrauded investor a wide choice of forum. Where, as it appears here, one party or the other will be equally inconvenienced, plaintiff's choice of forum will not be disturbed. *See* Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir. 1950); Blau v. Lamb, 20 F.R.D. 411 (S.D.N.Y.1957). Zorn v. Anderson, 263 F. Supp. 745, 749 (S.D.N.Y.1966).

Movants have demonstrated that they may be inconvenienced by denial of their motion to transfer. Plaintiffs, in opposing this motion, have set forth reasons for this forum district to maintain this controversy. The sharp dispute as to the factual validity of each feature urged as relevant by the respective parties intensifies the balancing inherent in determining this motion to transfer.

On this record, this court cannot say "that when all the interests are considered, trial would more conveniently proceed and the interests of justice would be better served in the other district"[5] than it would in the forum choice of the plaintiffs.

Accordingly, in all respects the motion is denied.

So ordered.

---

5. Peyser v. General Motors Corp., 158 F.Supp. 526, 529 (S.D.N.Y.1958) (Kaufman, J.)